## Harasty Appeal

Allen N. *Brunwasser,* for appellant.

FEIGUS, J., November 18, 1966.—This case is before the court en banc upon appellant's motion to sustain his appeal.

On February 15, 1966, appellant filed a petition for appeal in this court from the action of the Department of Mines and Mineral Industries in forfeiting an open pit mining bond filed by appellant as principal and Resolute Insurance Company as surety, under the provisions of the Bituminous Coal Open Pit Mining Conservation Act of May 31, 1945, P. L. 1198, sec. 1 et seq., as amended, 52 PS §1396.4. The petition sets forth, inter alia, that the bond was forfeited on September 16, 1965 (presumably in the Court of Common Pleas of Dauphin County), without the taking of testimony and that appellant was not in default and that the bond was not subject to forfeiture. This court entered an order directing that the appeal be filed and issued a rule upon the Department of Mines and Mineral Industries, returnable April 1, 1966, to be served upon the Secretary of Mines, sec. reg., to show cause why the forfeiture should not be set aside. Appellant's counsel has filed an affidavit of service of the petition and rule showing service by ordinary mail. Appellee has not appeared; nor has an answer been filed.

Since the land involved in this controversy is located in the County of Fayette, we are satisfied that this court may entertain the instant appeal under the provi-

sions of sections 14 and 15 of the Bituminous Coal Open Pit Mining Conservation Act, cited supra, 52 PS §§1396.14 and 1395.15, which provide as follows:

"§1396.14. Disapproval of planting; removal of objections; judicial review of regulation or order. If upon inspection, the Land Reclamation Board does not approve the planting it shall notify the operator in writing, setting forth the reasons therefor. The operator may then take such steps as are required to remove the objections. Any operator or landowner who shall be aggrieved by any administrative regulation, directive or order of the Secretary of Mines and Mineral Industries, the Land Reclamation Board or any other administrative agency making application of the provisions of this act, may file a petition in the court of common pleas of the county where the land is located, alleging therein the action complained of and praying for remedy thereof, and the said court shall proceed therein by rule or rules upon the proper administrative officer, body or authority to show cause why the petitioner should not have the remedy prayed for by his, her, or its petition. The court in such proceedings shall make such procedural orders as may be necessary for facilitating and expediting hearings and disposition of the matters complained of. From the decision of the said court of common pleas an appeal may be taken by either party to the Superior or Supreme Court of Pennsylvania as in other causes. Every such petition shall specify the petitioner's objection to the action of the administrative officer, body or authority, and such officer, body or authority, on or before the return day of the rule, shall make answer thereto and certify to the said court of common pleas, the record of the proceedings to which the petition refers. Such record shall include the testimony taken therein, the findings of fact, if any, of the officer, body or authority based upon such testimony, and a copy of all decisions and orders made by the said

officer in the proceedings. The case shall be heard upon the record certified to the court as aforesaid. No additional testimony shall be taken before the court, but the court may, in proper cases, remit the record to the respondent for the taking of further testimony and from the record, the court may review, modify or affirm or make new findings of fact as well as decide the law applicable.

"§1396.15 Forfeiture of bond or deposit. If the operator fails or refuses to comply with the requirements of the act in any respect for which liability has been charged on the bond, the Secretary of Mines and Mineral Industries shall declare such portion of the bond forfeited, and shall certify the same to the Department of Justice, which shall proceed to enforce and collect the amount of liability forfeited thereon, and where the operator has deposited cash or securities as collateral in lieu of a corporate surety, the Secretary of Mines and Mineral Industries shall declare such portion of said collateral forfeited, and shall direct the State Treasurer to pay said funds into the Bituminous Coal Open Pit Mining Reclamation Fund, or to proceed to sell said securities to the extent forfeited and pay the proceeds thereof into the Bituminous Coal Open Pit Mining Reclamation Fund. Any operator aggrieved by reason of forfeiting the bond or converting collateral, as herein provided, shall have a right to contest such action and appeal as provided in section fourteen of this act".

Since the statute does not limit the time for taking an appeal, it is our opinion that the instant appeal appears, prima facie, to be timely: Petition of Bowie Coal Company, 368 Pa. 102. The 30 day appeal provision of the Administrative Agency Law of June 4, 1945, P. L. 1388, sec. 1, 71 PS §1710.1 et seq., is inapplicable to appeals from State administrative agencies to a court other than the Court of Common Pleas

of Dauphin County: 71 PS §§1710.46 and 1710.51. See also Pennsylvaina Rules of Civil Procedure 1 to 13, inclusive, regulating procedure under the Administrative Agency Law.

A valid service of the petition and rule upon the Secretary of Mines and Mineral Industries, in conformity with Pa. R. C. P. 233 and the Act of May 17, 1921, P. L. 899, sec. 1, 12 PS §302, would require him to make answer to the petition and/or certify the record in his department to this court. His failure in both respects would render him subject to a default order: 2 Standard Pa. Prac. §§489, 490; Commonwealth v. One Dodge Motor Truck, 123 Pa. Superior Ct. 311, 318; Carey v. Carey, 121 Pa. Superior Ct. 251. However, appellant's affidavit of service discloses service of the petition and rule by ordinary mail, rather than by registered or certified mail as required by Pa. R. C. P. 76, Pa. R. C. P. 233(a)(2) and Pa. R. C. P. 233(b). We feel it would be improper for us to enter a summary order against appellee for failure to appear in the absence of proof of strict compliance with the service provisions of the rules of court: 2 Standard Pa. Prac. 484; Potter Title & Trust Company v. Berkshire Life Insurance Company, 156 Pa. Superior Ct. 1; Rynkiewicz v. McGrath, 42 D. & C. 396. Moreover, we are loath to enter a default judgment in this case without benefit of the departmental record. It should also be noted that we have the power of remission: 52 PS §1396.14, supra.

ORDER

And now, November 18, 1966, after argument, appellant's motion to sustain his appeal is overruled and refused.

The court, sua sponte, extends the return day of the rule heretofore granted to make it returnable December 15, 1966; service thereof, together with a copy of the original petition for appeal and a copy of the mo-

tion to sustain the appeal, as well as a copy of this opinion, to be made by appellant by U.S. Post Office certified mail, return receipt requested, upon the Secretary of Mines and Mineral Industries of Pennsylvania and the Attorney General of Pennsylvania, addressed to them at Harrisburg, Pa.