## Bowie Coal Company Petition.

Argued May 23, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL and LADNER, JJ.

*Harry F. Stambaugh,* Special Counsel, with him *Emrys G. Francis* and *Robert E. Woodside, Jr.,* Attorney General, for appellant.

*Matthew A. Crawford,* with him *Thomas D. Stauffer* and *John V. Wherry,* for appellee.

OPINION BY MR. JUSTICE BELL, June 27, 1951:

The question involved in this appeal is a very narrow one: Did the Court of Common Pleas of Mercer County or of Dauphin County have jurisdiction of the petition of the Bowie Coal Company?

Six partners trading as Bowie Coal Company are and had been for many years engaged in the mining of bituminous coal by the open pit mining method. On August 29, 1945, they registered with the Department of Mines. Their registration was duly accepted and approved by the Secretary of Mines, and since then they have continued open pit mining, and have complied with all the requirements of the Bituminous Coal Open Pit Mining Conservation Act of May 31, 1945, P.L. 1198 as amended, 52 P.S. §1396, with respect to renewal of their registration. They operate twenty-two separate mining operations in three counties: Mercer, Venango and Butler.

On June 28, 1948, the Secretary of Mines sent them an order or directive to file a separate bond and pay a separate filing fee for each county in which they were operating. The order was repeated on July 15, 1948. On *August 20, 1948,* the Secretary issued a new order or directive requiring them to file a separate bond and pay a separate fee *for each operation in each county.* They filed a petition on *November 7, 1949,* in the Court of Common Pleas of *Mercer* County praying for relief from the orders and directives of the Secretary of Mines. The court thereupon granted a rule to show cause, returnable December 19, 1949. On January 18, 1950, the Secretary of Mines filed a petition raising a preliminary question of jurisdiction as to the operators' petition of November 7, 1949. The court granted a rule to show cause and after an answer and

argument, the court discharged the rule (which was granted to the Secretary of Mines) to show cause why the operators' petition should not be dismissed for lack of jurisdiction. From this order, the Secretary of Mines took this appeal.

The Secretary contends that the sole right of appeal by the operators from the orders of the Secretary of Mines was to the Court of Common Pleas of *Dauphin* County *under the Administrative Agency Law* of June 4, 1945, P.L. 1388, 71 P.S. §1710.41. The operators contend that the Court of Common Pleas of *Mercer* County has jurisdiction of their petition under the provisions of *Section 14* of the Act of May 31, *1945*, P.L. 1198, as amended by the Act of *May 23, 1949*, P.L. 1730, 52 P.S. §1396.14. The pertinent provisions of *Section 14* of said Act are as follows: "Any operator or land-owner, *who shall be aggrieved* by any administrative regulation, directive or order of the Secretary of Mines or of the Secretary of Forests and Waters or any other administrative agency making application of the provisions of this act, *may file a petition in the court of common pleas of the county where the land is located,\** alleging therein the action complained of and praying for remedy thereof, and the said court shall proceed therein by rule or rules upon the proper administrative officer, body or authority to show cause why the petitioner should not have the remedy prayed for by his, her, or its petition. . . ."

In the light of this clear language, why doesn't the Court of Mercer County have jurisdiction? The appellant contends that this particular provision in Section 14 of the amendment of May 23, 1949, supra, is *prospective* only and therefore cannot apply to the orders or directives of the Secretary of Mines which were dated June 28, July 15 and *August 20, 1948*. For purposes

---

* Italics throughout, ours.

of this case we shall assume, without deciding, that the Commonwealth's further contention is correct, viz.: prior to the Secretary's directives of 1948, the only provision for appeal in the Bituminous Coal Open Pit Mining Conservation Act of 1945, supra, was (1) from the failure of the Secretary of Forests and Waters to approve planting (Section 14), and (2) from the action of the Secretary of Mines in forfeiting a bond or converting collateral (Section 15).

The Administrative Agency Law, supra, was signed by the Governor on *June 4, 1945,* and by its terms became effective on January 1, 1946. The original Bituminous Coal Open Pit Mining Conservation Act, supra, was signed by the Governor on *May 31, 1945,* and by its terms became effective immediately. Section 41 of the Administrative Agency Law of June 4, 1945, supra, gives any person aggrieved by *an adjudication* (of any one of a dozen or more departments, administrative boards or agencies) the right of appeal to the Court of Common Pleas of Dauphin County. If these acts are clearly inconsistent and irreconcilable the Administrative Agency Law, being latest in date of final emactment, must prevail: Statutory Construction Act, May 28, 1937, P. L. 1019, Section 65, 46 P.S. §565. It is clear that the appellee operators could present their petition or appeal to the Court of Common Pleas of Mercer County (1) if the amendment of Section 14 was retroactive, or (2) *if the order* or regulation or directive of the Secretary of Mines *was effective after May 23, 1949.*

The amendment of Section 14 by the Act of May 23, 1949, which by its terms became effective immediately upon final enactment, provided: "Any operator or landowner, who *shall be aggrieved* by any administrative regulation, directive or order of the Secretary of Mines . . ." We agree with the Commonwealth's position that this Act is prospective and not retroactive. "It· is a

sound and well-settled principle of statutory construction that no law shall be construed to be retroactive unless clearly and manifestly so intended: Painter v. B. & O. R. R. Co., 339 Pa. 271; Farmers N. Bk. & Tr. Co. v. Berks Co. R. E. Co., 333 Pa. 390, 393; Taylor v. Mitchell, 57 Pa. 209. Cf. Article IV, Section 56, of the Statutory Construction Act of May 28, 1937, P. L. 1019. . . .": *Com. ex rel. Greenawalt v. Greenawalt,* 347 Pa. 510, 512, 32 A. 2d 757.

Section 73 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P. S. §573 provides: "Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and *the new provisions shall be construed as effective only from the date when the amendment became effective.*"

From this provision of the Statutory Construction Act, and from our aforesaid decisions, it is clear that the petition to the Court of Mercer County can be sustained only if the appellees, coal operators, *"shall be aggrieved* by the directive or order of the Secretary of Mines" within the meaning of the abovementioned amendment of May 23, 1949. The Secretary's orders or directives were dated June 28, *1948,* July 15, *1948,* and August 20, *1948,* but it does not follow that the directives were not still in force and effect after May 23, 1949. In our opinion those orders, under the record in this case, continued to be and remain in full force and effect *on November 7, 1949,* the date of the filing of appellees' petition, and the petitioners were therefore "operators who *shall be aggrieved* by any directive or order of the Secretary of Mines." It follows therefore

108

that the operators came squarely within the amendment of May 23, 1949 and were authorized by the terms of the amendment to file a petition in the Court of Common Pleas of the county where the land is located, viz., *Mercer* County.

The Commonwealth also contends that the Court of Common Pleas of Mercer County did not have jurisdiction because the operators' petition or appeal was filed one year and two months after the order or directive of the Secretary of Mines. This issue or defense was not raised in the Commonwealth's petition to the lower court raising the question of jurisdiction, and although orally argued before the lower court, was not considered by said court to be properly before it. There are three conclusive answers to the Commonwealth's contention. First, there is no provision in the Act or in the amendment limiting the time for taking an appeal from an order of the Secretary of Mines; second, the orders or directives of the Secretary were continuing ones, and the operators were aggrieved by them up to and including the time they filed their petition; and finally, this defense raises a question not of jurisdiction but of laches. While laches can be taken advantage of by demurrer or by preliminary objections without requiring a plea or answer to bring it to the notice of the court, the laches must be clearly apparent from the bill or petition itself: *West, Admrx., v. Young,* 332 Pa. 248, 252, 2 A. 2d 745; *Grange Nat. Bank v. First Nat. Bank,* 330 Pa. 1, 198 A. 321; *Riley v. Boynton Coal Co.,* 305 Pa. 364, 370, 157 A. 794; *Kinter v. Commonwealth Trust Co.,* 274 Pa. 436, 118 A. 392; 30 C.J.S., Equity, §113, p. 523. No laches is apparent in plaintiff's petition in this case.

Order affirmed.