## Greenberg, Appellant, *v.* Aetna Insurance Company.
## Greenberg, Appellant, *v.* United States Fidelity and Guaranty Company.

512

Argued March 15, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Melvin Schwartz,* with him *Cooper, Goodman & Schwartz,* for appellant.

*Loyal H. Gregg,* with him *White, Jones and Gregg,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 14, 1967:

Plaintiff appeals from the Orders of the Court of Common Pleas which sustained defendants' preliminary objections and dismissed his complaints in trespass for *libel,* because they showed on their face that plaintiff had no cause of action.

Greenberg was indicted for arson, burning to defraud an insurance company, and conspiracy to commit arson. He was tried on these indictments and found not guilty.

Thereafter Greenberg filed a complaint in assumpsit in the Court of Common Pleas against Aetna Insurance Company and another against United States Fidelity and Guaranty Company, the defendants herein, to recover for money allegedly due him under fire insurance policies issued by each of them. Each defendant filed an answer denying liability because the fire which damaged plaintiff's property was the result of plaintiff's incendiarism.

Greenberg thereupon filed the present *libel* suits against each defendant, alleging that by its answer in the assumpsit suit defendant had falsely and maliciously libeled him by charging him with committing the crimes of arson, burning to defraud an insurance company, and conspiracy to commit arson, after Greenberg

had been tried and acquitted of these crimes. Each of the defendants thereupon filed preliminary objections in the nature of a demurrer to plaintiff's complaint, on the ground that "the complaint fails to state a cause of action in that it is a claim for defamation allegedly contained in a pleading filed with this Court." In other words, defendants contend that they had an absolute privilege to raise or plead incendiarism by plaintiff as a defense in a suit by plaintiff to recover damages on his fire insurance policies and this defense can be raised by preliminary objections. Plaintiff thereupon filed preliminary objections* to defendants' preliminary objections in the nature of a motion to strike, (1) alleging that defendants were precluded from raising this defense because of plaintiff's acquittal of the crime of incendiarism, and (2) the defense of absolute (or limited) privilege cannot be raised by preliminary objections but must, under Rule 1045(b) of the Pennsylvania Rules of Civil Procedure, be raised in the answer under "new matter." The lower Court, we repeat, sustained defendants' preliminary objections; overruled plaintiff's preliminary objections and dismissed plaintiff's complaints in trespass.

If, as here, defendants' allegedly defamatory averments— which are contained in their answers to plaintiff's assumpsit suit to recover on his insurance policies—were pertinent, what legal effect does that have on his present libel suits?

When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them. Moreover, if questioned or challenged by the opposite party, all

---

* We shall treat each of plaintiff's preliminary objections, which are improper, as a motion to strike.

reasonable doubts (if any) should be resolved in favor of relevancy and pertinency and materiality.

We hold (1) that plaintiff's *incendiarism* was a relevant, material and (if established, would be a) complete defense to his claim on a fire insurance policy, and (2) such an averment when contained in an answer to plaintiff's suit to recover on his fire insurance policies, is *absolutely privileged* and (3) even if made falsely or maliciously and without reasonable and probable cause, *is an absolute bar* to an action of libel based upon such averments. *Kemper v. Fort,* 219 Pa. 85, 67 Atl. 991; compare also, *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A. 2d 100; *Matson v. Margiotti,* 371 Pa. 188, 88 A. 2d 892; *Sciandra v. Lynett,* 409 Pa. 595, 187 A. 2d 586.

In *Kemper v. Fort,* 219 Pa., supra, the Court analyzed and reviewed at great length the authorities in this field and in an able Opinion pertinently said (pages 93-94) : " 'All charges, all allegations and averments contained in regular pleadings addressed to and filed in a court of competent jurisdiction, which are pertinent and material to the redress or relief sought, whether legally sufficient to obtain it or not, are *absolutely privileged.*\* *However false and malicious, they are not libelous.* This privilege rests on public policy, which allows all suitors . . . to secure access to the tribunals of justice with whatever complaint, true or false, real or fictitious, they choose to present, provided only that it be such as the court whose jurisdiction is involved has power to entertain and adjudicate. The alleged libelous matter in the present case, being contained in a bill praying for an injunction, was relevant and material; consequently, *absolutely privileged.'* . . . the authorities, though differing as to when immunity is absolute, *are uniform that*

---

\* Italics throughout, ours.

*when alleged libelous matter in pleadings is relevant
and pertinent, there is no liability for uttering it.* Public policy requires this, even if at times the privilege
of immunity for false and malicious averments in
pleadings is abused. Justice can be administered only
when parties are permitted to plead freely in the courts
and to aver whatever ought to be known without fear
of consequences, if a material and pertinent averment
should not be sustained. Wrong may at times be done
to a defamed party, but it is damnum absque injuria.
The inconvenience of the individual must yield to a
rule for the good of the general public.

"Where the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired
into, all doubt should be resolved in favor of relevancy
and pertinency."

### Plaintiff's Acquittal

Furthermore, the fact that the insured has been
*acquitted* (by a jury) of the alleged crime or crimes
in an indictment for incendiary acts is irrelevant and
inadmissible in a civil case to recover damages based
on a claim under the same fire insurance policy. The
reasons are obvious. First, the kind and quantum of
proof required in a felony or serious criminal case—
where the Commonwealth must prove the (insured)
defendant guilty beyond a reasonable doubt—is different from and *much greater** than* that required in a

---

* For this reason a *conviction* in a felony or serious criminal
case and judgment thereon is admissible (whenever relevant) in
a civil case involving the same issue, question or claim: *Hurtt v.
Stirone*, 416 Pa. 493, 206 A. 2d 624; *Pa. Turnpike Comm. v. U. S.
Fid. & Guar. Co.*, 412 Pa. 222, 194 A. 2d 423. See also, *Kravitz
Estate*, 418 Pa. 319, 211 A. 2d 443. For exceptions, see *Loughner
v. Schmelzer*, 421 Pa. 283, 218 A. 2d 768; *Nowak v. Orange*, 349 Pa.
217, 36 A. 2d 781.

civil suit on the insurance policy, where plaintiff must prove his claim or the defendant must prove an affirmative defense (as the case may be) by a fair preponderance of the evidence.

## Preliminary Objections

Plaintiff further contends that the defense of privilege—even absolute privilege—cannot be raised by preliminary objections, *even when it appears from plaintiff's own pleadings that he is not entitled to recover.* Plaintiff contends that under Pa. R.C.P. 1045(b) the defense of privilege must be raised or pleaded under "new matter." That Rule, as amplified by Rule 1030, provides: "(b) All affirmative defenses, including but not limited to those enumerated in Rule 1030, *and the defenses of . . . privilege, qualified privilege, . . .* shall be pleaded under the heading 'New Matter.' . . ."

Pa. R.C.P. 1030 provides: "Rule 1030. New Matter. All affirmative defenses, including but not limited to the defenses of . . . failure of consideration, . . . laches, . . . res judicata, . . . shall be pleaded in a responsive pleading under the heading 'New Matter.' "

It is unnecessary to discuss or consider Rule 1035 which provides for a summary judgment, because that did not become effective until May 9, 1966. In any event, however, Rule 1035 would be clearly inapplicable to the facts in the instant case and would not bar—before all pleadings, depositions, interrogatories and other answers have been filed—sustaining preliminary objections to a complaint which is defective on its face.

However, Rule 1017(b) pertinently provides: "(b) *Preliminary objections are available* to any party and are limited to (1) a petition raising a question of jurisdiction; (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because

of scandalous or impertinent matter; (3) a motion for a more specific pleading; (4) *a demurrer;* . . ."

It would appear that these Rules, especially Rule 1045(b) and Rule 1030, are in some matters overlapping with Rule 1017(b), and therefore in some cases confusing or conflicting. However, plaintiff's contention is devoid of merit for each of two reasons:

First, under the clear language of Rule 1017(b) where plaintiff's complaint or pleading shows on its face that his claim cannot be sustained, preliminary objections are an appropriate remedy. The second and more important reason is that this Court has repeatedly and wisely sustained preliminary objections where plaintiff's complaint or pleading shows on its face that his claim is devoid of merit. This is wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law—delays which Courts are strenuously trying to eliminate or reduce—and it could not aid plaintiff at the trial or affect the result: *Stahl v. First Pa. Bank. & Trust Co.,* 411 Pa. 121, 191 A. 2d 386; *Plasterer Estate,* 413 Pa. 513, 198 A. 2d 525; *Silver v. Korr,* 392 Pa. 26, 139 A. 2d 552; *Kiely v. Cunningham Equipment, Inc.,* 387 Pa. 598, 128 A. 2d 759; *Bowie Coal Company Petition,* 368 Pa. 102, 82 A. 2d 24; *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A. 2d 100; *Biggans v. Foglietta,* 403 Pa. 510, 170 A. 2d 345. See also, *Jones v. Costlow,* 354 Pa. 245, 249, 47 A. 2d 259; *Shotkin v. Pres. Church Board,* 343 Pa. 650, 23 A. 2d 419; *Brown v. Hahn,* 419 Pa. 42, 49, 213 A. 2d 342.

In *Plasterer Estate,* 413 Pa., supra, the Court held that the writing attached to plaintiff's petition showed failure of consideration and therefore the defense could properly be raised by preliminary objections.

In *Stahl v. First Pa. Bank. & Trust Co.,* 411 Pa., supra, and in *Silver v. Korr,* 392 Pa., supra, preliminary objections were sustained because laches appeared

on the face of plaintiff's complaint. In *Kiely v. Cunningham Equipment, Inc.*, 387 Pa., supra, preliminary objections raising the defense of res judicata were sustained because the facts establishing that defense were set forth in the complaint.

We find no merit in any of appellant's contentions. Orders affirmed.

Mr. Justice ROBERTS concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

Greenberg filed two separate assumpsit actions in the Court of Common Pleas of Allegheny County; one action was against Aetna Insurance Company and the other action was against United States Fidelity and Guaranty Company. Both actions sought a recovery, under fire insurance policies issued by the insurance companies, for losses incurred by Greenberg by reason of a fire. Each insurance company filed an answer in those actions denying liability and alleging that the fire which damaged Greenberg's property was the result of incendiarism on his part.

Thereafter, Greenberg instituted two libel actions in the Court of Common Pleas in Allegheny County, a separate action against each insurance company alleging that by the answers filed in the assumpsit actions the insurance companies had falsely and maliciously libeled him. Each of the insurance companies then filed preliminary objections in the nature of a demurrer under Pa. R.C.P. 1017(b) to Greenberg's complaint averring that "the complaint fails to state a cause of action in that it is a claim for defamation allegedly contained in a pleading filed with this Court." The court sustained the preliminary objections and dismissed Greenberg's complaints. From these orders Greenberg has taken these appeals.

Greenberg contends, inter alia, that the defense of *absolute* privilege presented by the insurance companies

cannot be raised by preliminary objections under Rule 1017(b) but must be pleaded in an answer by way of New Matter under Pa. R.C.P. 1045(b).

Pa. R.C.P. 1045(b), which relates to actions of trespass, provides, in pertinent part: "(b) All affirmative defenses . . . and the defenses of consent, privilege, qualified privilege, fair comment, truth, justification, immunity from suit and impossibility of performance shall be pleaded under the heading 'New Matter'. . . ." This Rule clearly indicates that the defense of absolute privilege *must* be pleaded under the heading "New Matter."

Pa. R.C.P. 1017(b) pertinently provides: "(b) Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction; (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter; (3) a motion for a more specific pleading; (4) a demurrer; and (5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action."

It is clear to me that Rule 1017(b) does not permit preliminary objections in a libel action to raise the defense that the publication was absolutely privileged.

In *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A. 2d 100 (1958), the City of Philadelphia, by way of preliminary objection under 1017(b), supra, did raise the defense of absolute privilege and this Court, without comment on the procedure adopted, resolved the issue whether a city official was immune from liability for defamation by virtue of an absolute privilege. In *Biggans v. Foglietta,* 403 Pa. 510, 170 A. 2d 345 (1961), Foglietta raised the question of absolute privilege by way of preliminary objection under Rule 1017(b) and this Court, again without comment on the procedure adopted, determined that a city councilman, under the

circumstances, did not have an absolute privilege to publish a libellous letter. Neither in *Montgomery* nor in *Biggans* was the procedural question raised as to whether the defense of absolute privilege in a libel action could be raised by preliminary objections.

The majority opinion takes the position that the Rules are "overlapping" and "in some cases confusing or conflicting". My examination of the Rules indicates otherwise: in my opinion, neither confusion nor conflict arise from these Rules.

The majority opinion concludes that Greenberg's contention lacks merit for two reasons: (a) that if Greenberg is correct, long and unnecessary delays would result and (2) that our court has sustained preliminary objections where a complaint on its face indicates that the claim was devoid of merit.

I believe that the first reason advanced in the majority opinion presently is not sound in view of Pa. R.C.P. 1035[1] which provides an efficient and expeditious method for determining the issue involved. That Rule provides for a motion for summary judgment: "(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any; (b) the adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .*"

If the insurance companies had filed answers raising, under New Matter, in accordance with Rule 1045

---

[1] Rule 1035 became effective May 9, 1966.

(b) the defense of absolute privilege, the issue of absolute privilege could have been promptly resolved by proceeding under Rule 1035 and determination of the issue would not have had to await determination at the trial stage.

In support of its second reason, the majority opinion cites six cases: In re: *Plasterer Estate*, 413 Pa. 513, 198 A. 2d 525; *Silver v. Korr*, 392 Pa. 26, 139 A. 2d 552; *Kiely v. J. A. Cunningham Equipment Co.*, 387 Pa. 598, 128 A. 2d 759; *Bowie Coal Company Petition*, 368 Pa. 102, 82 A. 2d 24. See also: *Jones v. Costlow*, 354 Pa. 245, 249, 47 A. 2d 259; *Shotkin v. Presbyterian Church Board*, 343 Pa. 650, 23 A. 2d 419. None of these cases, in my opinion, are apposite.

I am of the opinion that where the Rules of this Court are as clear and definite as Rules 1045(b) and 1017(b) that we should require the parties to litigation to adhere *strictly* to such Rules. The defense of absolute privilege can only be raised under Rule 1045 (b). If adherence be had to such Rule a prompt and speedy disposition of the issue whether absolute privilege exists can be resolved by proceeding, under Rule 1035, for a summary judgment.

For this reason, I respectfully dissent.

DISSENTING OPINION BY MR. JUSTICE COHEN:

I dissent from the majority opinion because it overlooks the effect of defendants' preliminary objections, ignores a particularly pertinent act of assembly, and disregards the provisions regarding broad new matter pleading enunciated by the Rules of Civil Procedure.

Defendants filed preliminary objections in the nature of demurrers to plaintiff's complaints. Such preliminary objections depend upon the privileged character of the publication, but no privilege has been pleaded or made part of the record. Consequently, defendants'

preliminary objections rely upon matters dehors the record and cannot be sustained.

Of particular relevance, is the Act of August 21, 1953, P. L. 1291, §1, 12 P.S. §1584(a) (Supp. 1966), which provides in pertinent part: "(2) In an action for defamation, the *defendant has the burden of proving,* when the issue is properly raised . . . (b) *The privileged character of the occasion* on which it was published." (Emphasis supplied.) When this statute is read in conjunction with Rule 1045(b), it becomes obvious that the defense of privilege in a defamation action cannot be raised by preliminary objections. The majority hold that preliminary objections are proper because the complaints "showed on their face that plaintiff had no cause of action." That is incorrect, for although the complaints disclose that the allegedly libellous statements were published in a pleading before a court of law and would seem to be privileged, a privilege may be abused. Indeed, the writer of the majority opinion stated in his concurring opinion in *Biggans v. Foglietta,* 403 Pa. 510, 516, 170 A. 2d 345, 348 (1961), "It is very difficult if not impossible to tell from plaintiff's complaint whether defendant abused and thus lost his right to absolute privilege, or if his privilege was conditional whether he violated his conditional privilege."

Since the instant complaints reveal only the existence of a privilege which may have been abused, and since the complaints do state causes of action, defendants must plead their affirmative defense as new matter.

Finally, this is the type of case in which Rules 1034 and 1035 should not be disregarded. Had defendants pleaded their defense of privilege as new matter and plaintiff been afforded the opportunity to reply thereto, this matter could have been expeditiously determined at that stage by a motion for judgment on

the pleadings (Rule 1034) or a motion for summary judgment (Rule 1035) whichever was appropriate. Broad new matter pleading is encouraged by Rules 1034 and 1035, which permit an expeditious termination of the litigation, while protecting the rights of all parties throughout the pleading stage. See *Ruhe v. Kroger Company*, 425 Pa. 213, 228 A. 2d 750 (1967).