## Murphy v. Morgan, Lewis & Bockius et al.

*Robert J. Murphy,* for plaintiff.

*Thomas E. Byrne, Jr.* and *Sidney L. Wickenhaver,* for defendants.

BULLOCK, J., February 2, 1972.—This is an action in libel and slander brought by plaintiff, Joseph J. Murphy, Esquire, against two law firms and specific counsel associated therein who represent his daughter-in-law, Barbara S. Murphy, in a divorce action in Montgomery County in which Robert J. Murphy, Esquire (counsel for plaintiff in the present proceedings) is defendant and Barbara S. Murphy is plaintiff. Also included herein as defendants are Barbara S. Murphy and Claude and Helen Sweppenhiser, her parents. Certain words in the bill of particulars filed in the said divorce action are claimed to be libelous. Although other libels are alleged, no other documents are at this point a matter of record. Slanderous statements are attributed to all defendants. A variety of documents seeking discovery, some objections thereto and motions to strike the objections have been filed. Preliminary objections filed by defendants Claude and Helen Sweppenhiser were sustained in part and overruled in part by Judge Hirsh. Plaintiff filed amendments to the complaint following the aforesaid order of Judge Hirsh. Plaintiff subsequently filed a petition for leave to make further amendment to his complaint. Argument was held on January 28, 1972, on all petitions, motions and objections at that time pending. It was agreed among counsel at that time that plaintiff's petition for leave to amend his complaint should be granted.

In an action of libel and slander, the burden is upon plaintiff to establish the manner, purpose and extent of the publication of the alleged defamatory material, including the identity of persons to whom publication was made: Act of August 21, 1953, P. L. 1291, sec.

1(1), 12 PS §1584a(1); Montgomery v. Dennison, 363 Pa. 255 (1949); McAndrew v. Scranton Republican Publishing Co., 364 Pa. 504 (1950). Plaintiff is therefore entitled to discovery to inquire as to these aspects of defamatory statements alleged in his complaint and further to inquire as to whether there are other defamatory statements of which he is unaware, and, if so, the circumstances of their publication. Although the financial status of defendants may become relevant with respect to the issue of punitive damages at a future point in the proceedings, it is the opinion of the court that any such inquiry at the present time is premature.

Defendant law firms and individual attorneys herein have, in both pleadings and objections to plaintiff's requests for discovery, claimed absolute privilege with respect to any statements made by them in their capacity as attorneys representing Barbara S. Murphy. The law is well settled in Pennsylvania that statements made in a judicial proceeding by attorneys, parties or witnesses are absolutely privileged insofar as they are relevant and pertinent to the matter under judicial consideration: Greenberg v. Aetna Insurance Company, 427 Pa. 511 (1967). Moreover, it has been held that doubts as to whether a statement is relevant and pertinent should be resolved in favor of relevance and pertinency: Kemper v. Fort, 219 Pa. 85 (1907). In the present case there is no doubt that the bill of particulars in the divorce action, being a pleading therein, is highly relevant and pertinent thereto, and that the reference therein to plaintiff is relevant and pertinent as part of the circumstances of an alleged indignity. Plaintiff, therefore, may not, by discovery proceedings, inquire into statements made by counsel, parties or witnessess with respect to the bill of particulars as part of the preparation for

trial or trial of the divorce action. Nor may plaintiff inquire into any circumstances surrounding its preparation. Further, plaintiff may not, in view of the aforesaid privilege, inquire with respect to any other statements made by counsel, parties or witnesses in connection with the preparation for trial or trial of the divorce action. Plaintiff, however, is not precluded from inquiring as to any publication of the bill of particulars wholly unconnected with the divorce action.

## ORDER

And now, this February 2, 1972, it is hereby ordered as follows:

1. Plaintiff's petition for leave to amend his complaint is granted. Plaintiff is directed to file an amended complaint in the form of one document in conformity with his petition for leave to amend. Notwithstanding any prior responsive pleadings, defendants shall file within 20 days from this date such pleadings to the amended complaint as they deem appropriate.

2. The various defendants' objections to interrogatories and requests for admission are sustained, provided, however, that any answers to interrogatories or admissions already filed shall be a part of the record, and further provided that plaintiff may file additional interrogatories or requests for admission not inconsistent with the foregoing memorandum. Plaintiff's motions to strike objections to interrogatories are, under Pennsylvania Rule of Civil Procedure 126, denied.

3. The various defendants' motions for protective orders are denied. All parties may proceed with discovery by depositions, provided, however, that the scope of inquiry shall not be inconsistent with the foregoing memorandum.