**Lappe v. Insurance Company of North America**

*M. A. Ostrow*, for plaintiff.
*R. McWilliams*, for defendant.

DURHAM, *J.*, April 2, 1979—This matter before the court is defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint. Plaintiff alleges in this complaint that an employe of defendant defamed, slandered and libeled plaintiff by testifying falsely before a special investigating grand jury. Defendant contends that such communication is privileged, that it is absolutely immune from civil suit and that therefore plaintiff did not allege a cause of action.

In determining whether a cause of action has been alleged, the court must take as true all properly pleaded averments contained in the complaint: Borden v. Baldwin, 444 Pa. 577, 582, 281 A. 2d 892, 895 (1971); Reardon v. Wilbur, 441 Pa. 551, 554, 272 A. 2d 888, 890 (1971). Plaintiff avers that in August 1973, the Philadelphia Inquirer and other newspapers ran articles stating that a special investigating grand jury had recommended that plaintiff and defendant be indicted on bribery and conspiracy charges. Plaintiff, who was at the time a member of the Philadelphia police department, acting as a district attorney's detective, allegedly obtained police intelligence information for defendant in exchange for money. This information was given to the grand jury by an employe of defendant and was false and untrue. Plaintiff and defendant were indicted on December 4, 1973. Plaintiff was tried on October 1, 1974, and was acquitted. As a result of his indictment, plaintiff was dismissed

from the police department. Although he was reinstated after his acquittal, he was denied his salary during the period of dismissal, which was approximately 18 months.

The question to be determined in a demurrer is whether, upon the facts alleged, it is certain that the law does not permit a recovery. If there is a doubt as to whether judgment against plaintiff should be entered, then the doubt should be resolved in favor of plaintiff: Borden v. Baldwin, supra; Reardon v. Wilbur, supra. In this case, the question of law is whether a witness is absolutely immune from a civil suit based upon his testimony before a grand jury. It is clear that such testimony is privileged and that defendant's demurrer should be sustained.

The policy of judicial privilege was well articulated by the Pennsylvania Supreme Court in Greenburg v. Aetna Insurance Company, 427 Pa. 511, 235 A. 2d 576 (1967). In that case, the claim of libel was based upon averments made by defendant in an answer to plaintiff's complaint in assumpsit against it. The court affirmed the lower court order sustaining defendant's preliminary objections to the libel suit, and stated the public policy behind its decision:

"[T]he authorities, though differing as to when immunity is absolute, *are uniform that when alleged libelous matter in pleadings is relevant and pertinent, there is no liability for uttering it.* Public policy requires this, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known

without fear of consequences, if a material and pertinent averment should not be sustained. Wrong may at times be done to a defamed party, but it is damnum absque injuria. The inconvenience of the individual must yield to a rule for the good of the general public." 427 Pa. at 515-16, 235 A. 2d at 578. (Emphasis in original.)

Pennsylvania has extended this judicial privilege to witnesses in judicial proceedings. In Ginsberg v. Halpern, 383 Pa. 178, 180, 118 A. 2d 201, 202 (1955), the Pennsylvania Supreme Court adopted the Restatement, 2d, Torts, §588, which states: "A witness is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding." While this section does not specifically state that grand jury witnesses are included in the protection afforded by this section, comment F to Restatement, 2d, Torts, §589, states that "Witnesses testifying before the grand jury are protected under the rule stated in §588."

While there are no Pennsylvania cases which specifically state that grand jury witnesses are protected by judicial immunity, the policy reasons set forth to justify this immunity to participants in judicial proceedings seem to apply equally to grand jury proceedings. Grand jurors under common law have historically been protected: Butz v. Economow, 438 U.S. 478, 57 L.Ed. 2d 895, 919 (1978); Imbler v. Pachtman, 424 U.S. 409, 422-23, n.20 (1976). Moreover, it is a function of the court to supervise grand juries and control their proceedings: Pirillo v. Takiff, 462 Pa. 511, 524, 341 A. 2d

896, 902 (1975); In re January 1974 Special Investigating Grand Jury, 238 Pa. Superior Ct. 479, 482, 357 A. 2d 628, 630 (1976). Therefore, grand jury proceedings are clearly judicial proceedings, and grand jury witnesses have the same immunity from civil suit based on their testimony as do witnesses in other judicial proceedings. See State v. Tillett, 111 So. 2d 716 (Fla. 1959); Com. v. Duncan, 127 Ky. 47, 53, 104 S.W. 997, 999 (1907); Schultz v. Strauss, 127 Wis. 325, 106 N.W. 1066 (1906). Indeed, this absolute immunity has been recently extended to witnesses before legislative committees: Jennings v. Cronin, ____ Pa. Superior Ct. ____, 389 A. 2d 1183 (1978).

The only qualification which seems to be placed on the immunity granted to judicial witnesses is that the privileged testimony must be relevant and pertinent to the proceedings: Greenberg v. Aetna Insurance Company, supra; Barto v. Felix, 250 Pa. Superior Ct. 262, 266, 378 A. 2d 927, 929 (1977); Restatement, 2d, Torts, §588. Where the relevancy and pertinency of the testimony is in question, all doubt should be resolved in favor of relevancy and pertinency: Greenberg v. Aetna Insurance Company, supra. Since plaintiff has not averred in his complaint that the testimony was not relevant and pertinent to the grand jury investigations, it can be inferred that the testimony was relevant and pertinent.

## ORDER

And now, April 2, 1979, it is hereby ordered and decreed that defendant's preliminary objections are sustained, and that plaintiff's complaint is dismissed.