439 A.2d 1193

**Margaret G. ROSE and A. Ray Rose, her husband, Kenneth Behrend and Mark B. Aronson, Appellants,**

v.

**H. Andrew WISSINGER, Robert S. Grigsby, John David Rhodes, Thomson, Rhodes & Grigsby, a partnership.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Jan. 8, 1982.

Petition for Allowance of Appeal Denied April 2, 1982.

Kenneth W. Behrend, Pittsburgh, for appellants.

John W. Jordan, IV, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

This appeal was taken from a lower court order sustaining appellees' preliminary objections in the nature of a demurrer and dismissing appellants' complaint. We agree with the Honorable Ralph H. Smith, Jr. of the Court of Common Pleas of Allegheny County that appellants did not set forth a cognizable theory in their complaint upon which they may seek recovery under the law of Pennsylvania, and we, accordingly, affirm the lower court order dismissing that complaint.

The relevant facts may be summarized as follows. While a patient at St. Francis General Hospital, Inc. (hereinafter Hospital), Margaret G. Rose, suffered a fracture of the left femur and a shortening of her left leg. Her husband, A. Ray Rose, and she retained the services of the law firm of Behrend and Aronson, the members of which included Attorneys Kenneth Behrend and Mark B. Aronson. Behrend and Aronson instituted suits against the Hospital and H. Andrew Wissinger, a physician, on behalf of Mr. and Mrs. Rose for the injury which Mrs. Rose had sustained in the Hospital.

The suit against H. Andrew Wissinger was commenced on July 7, 1976, by the filing of a praecipe for a writ of summons in trespass and assumpsit which was subsequently issued and served upon Wissinger. This action against Wis-

singer was discontinued at the election of Mr. and Mrs. Rose without a complaint being filed.

On January 30, 1978, Wissinger filed a complaint in trespass at No. GD 78–2021, in which malicious use of process was alleged against Mr. and Mrs. Rose, and Kenneth Behrend and Mark Aronson, trading as Behrend and Aronson, a partnership. The basis of Wissinger's complaint was that the defendants had filed the previous suit against him with malice and without probable cause, and that Wissinger was, therefore, entitled to punitive damages. Wissinger was represented by the law firm of Thomson, Rhodes & Grigsby, the members of which included Attorney Robert S. Grigsby, who later became a judge of the Court of Common Pleas of Allegheny County, and Attorney John David Rhodes. Wissinger subsequently discontinued his action.

On January 29, 1979, Mr. and Mrs. Rose, Behrend and Aronson, all of whom are appellants herein, commenced the instant suit by writ of summons in trespass against Wissinger, Grigsby, Rhodes and the law firm of Thomson, Rhodes & Grigsby, a partnership, and against Employers Insurance of Wausau, a corporation. On March 26, 1979, the latter was dropped by consent of all parties from the records as a party defendant, and a complaint in trespass was filed against the remaining defendants, appellees herein. The subject matter of this complaint was the preparation, filing and service of the complaint at No. G. D. 78–2021 by appellees. We adopt the lower court's summary of the contents of appellants' complaint:

In the instant case, the complaint of Dr. Wissinger is incorporated into the plaintiffs' complaints [sic] and made a part thereof (¶ 8). The Wissinger Complaint contains the following:

1. Identification of Dr. Wissinger as a physician (¶ 1);

2. Identification of Margaret G. Rose and A. Ray Rose as individuals residing in Fayette County (¶ 2);

3. The identification of Behrend and Aronson as attorneys practicing in Pittsburgh (¶ 3);

4. That Behrend and Aronson filed a praecipe against Dr. Wissinger at No. G. D. 76–14870 with the permission and consent of Margaret G. and A. Ray Rose (¶s 4, 5, 6, 7 and 13) and that action was brought as a result of their advi[c]e;

5. That the Prothonotary issued a writ in accordance with the praecipe (¶ 8), that the writ was delivered to the Sheriff for service (¶ 9) and was subsequently served by the Sheriff on July 16, 1976 (¶ 10);

6. That on February 16, 1977, a praecipe to discontinue the action against Dr. Wissinger was filed by Behrend and Aronson (¶ 11) and this termination was without imposition of liability on the part of Dr. Wissinger (¶ 14);

7. That the filing of the praecipe against Dr. Wissinger on behalf of the Roses by Behrend and Aronson was without probable cause (¶ 12) and that it was done 'with malice and without probable cause to believe that there could be [any] reasonable basis for recovery therein'; . . .

. . . .

Plaintiffs contend that the instant complaint sets forth four separate theories which are recognized by the law and upon which it would be entitled to recover. These theories are:

1. Defamatory remarks made in a court filing, not protected by privilege;

2. Outrageous conduct causing emotional distress under Restatement of Torts 2d Sec. 46;

3. Conspiracy to commit defamation; and,

4. Conspiracy to commit outrageous conduct causing severe emotional distress.

Lower ct.op. at 2–3 (footnote omitted).

On April 2, 1979, appellees filed preliminary objections in the nature of a demurrer alleging that appellants' complaint failed to state a cause of action. On June 21, 1979, the lower court sustained appellees' preliminary objections and dismissed appellants' complaint. This appeal followed.[1]

1. Appellants frame the issues on appeal as follows:

■ The standard for reviewing an order sustaining preliminary objections in the nature of a demurrer is set forth in *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979):

> It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan,* 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

*Id.,* 486 Pa. at 149–50, 404 A.2d at 673–74.

Appellants first contend that the language of the complaint at No. GD 78–2021 was defamatory in that it charged appellants with filing a lawsuit which was unjustified, without probable cause, and motivated by malice. We disagree.

The specific language of the complaint at No. GD 78–2021 which appellants allege to be false and defamatory is the following:

> '12. The action at No. GD 76–14870 filed by the Defendants Margaret G. Rose and A. Ray Rose, her husband, upon the advice and direction of the Defendants Kenneth

I. Did the conduct of Appellees in filing a lawsuit, unfounded in fact or law, solely for its disruptive effect on the trial of an existing lawsuit constitute actionable, outrageous conduct?

II. Is it defamatory to Party and Lawyer to charge them with filing a lawsuit that was unjustified, without probable cause, and motivated by such malice as to require punishment to deter them from similar conduct in the future?

III. Are statements in a complaint entitled to be protected by privilege even though the complaint describes no cause of action and no cause of action exists in fact?

Brief for Appellants at 2.

Behrend and Mark B. Aronson, trading as Behrend and Aronson, a partnership, was filed without probable cause...

'15.  (A) He (H. Andrew Wissinger) has been unnecessarily subjected to Civil litigation...

(D) The Plaintiffs suffered an emotional distress as the consequence of the unjustified litigation;

(E) The Plaintiff is entitled to punitive damages resulting from the Defendants' malicious use of process.'

Complaint, para. 22.

In *Greenberg v. Aetna Insurance Company*, 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366, the supreme court affirmed the lower court's orders sustaining the defendants' preliminary objections and dismissing the complaints in trespass for libel because they showed on their face that plaintiff had no cause of action.  The libel action was based on statements made in the answers filed in an assumpsit action involving the same parties.  The supreme court held that the statements in question were relevant, material and, if established, constituted a complete defense to the assumpsit action, and were, therefore, absolutely privileged.  The court held further that even if those statements were made falsely or maliciously and without probable cause, an absolute bar to the libel action based on such statements still exists.

When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them.  Moreover, if questioned or challenged by the opposite party, all reasonable doubts (if any) should be resolved in favor of relevancy and pertinency and materiality.

. . . .

In *Kemper v. Fort*, 219 Pa. 85, 67 A. 991, supra, the Court analyzed and reviewed at great length the authorities in this field and in an able Opinion pertinently said (pages 93–94, 67 A. page 994):

'All charges, all allegations and averments contained in regular pleadings addressed to and filed in a court of competent jurisdiction, which are pertinent and material to the redress or relief sought, whether legally sufficient to obtain it or not, are *absolutely privileged. However false and malicious, they are not libelous.* This privilege rests on public policy, which allows all suitors * * * to secure access to the tribunals of justice with whatever complaint, true or false, real or fictitious, they choose to present, provided only that it be such as the court whose jurisdiction is involved has power to entertain and adjudicate. . . .

Public policy requires this, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known without fear of consequences, if a material and pertinent averment should not be sustained. Wrong may at times be done to a defamed party, but it is damnum absque injuria. The inconvenience of the individual must yield to a rule for the good of the general public.

*Id.,* 427 Pa. at 514–516, 235 A.2d 577–578 (footnote omitted).

Appellants contend that the principles enunciated by the supreme court in *Greenberg* do not protect appellees here, because the Court of Common Pleas of Allegheny County did not have "competent jurisdiction" over the suit at No. GD 78–2021 in which the alleged defamatory statements were made. Appellants do not argue that the court of common pleas did not have jurisdiction to hear an action for malicious use of process, the basis of the complaint at No. GD 78–2021, but rather appellants argue that the lower court lacked jurisdiction because this particular action was non-existent either in legal theory or fact and the statements in question were impertinent, irrelevant, and immaterial to any issue in a civil suit. We agree with appellees that appellants have applied an incorrect test for determining whether the court of common pleas had jurisdiction over the case at No. GD 78–2021.

The phrase 'jurisdiction of the cause of action' means 'the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs.' That the court may be unable to ultimately grant the relief sought does not determine the jurisdictional question. The question is not whether the plaintiff may recover, but whether the court has power to hear and determine that kind of controversy.

Goodrich-Amram 2d § 1017(b):7, at 52 (footnotes omitted). There can be no question that the courts of common pleas have original jurisdiction over actions for malicious use of process, *see* 42 Pa.C.S. 931(a), and that the allegations made in the complaint at No. GD 78–2021 were pertinent and material to the relief sought in that suit. *See Blumenfeld v. R. M. Shoemaker Co.*, 286 Pa.Super. 540, 429 A.2d 654 (1981).

Appellants next contend on appeal that the conduct of appellees in filing the lawsuit at No. GD 78–2021, unfounded in fact or law, solely for its disruptive effect on the trial of an existing lawsuit constitutes outrageous conduct causing severe emotional distress. In their complaint, appellants alleged, *inter alia*, as follows:

17. Civil Action No. GD 78–2021 was intentionally or recklessly filed in complete disregard of the fact that Defendants knew, or should have known, that Plaintiffs Margaret G. Rose and A. Ray Rose, . . . , were peculiarly susceptible to severe, emotional distress by reason of the age and physical condition of both Plaintiffs, and mental condition of Mrs. Rose.

. . . .

18. As a result of the extreme and outrageous conduct, Plaintiff Margaret G. Rose has suffered severe mental suffering, . . . . The actions of the Defendants . . . contributed to the fact that A. Ray Rose was unable to be in attendance and testify on behalf of his wife, . . . , during the Trial of their cause of action against St. Francis General Hospital, Inc., . . . ; in addition, said course of conduct on the part of Defendants was a contributing factor to a severe and debilitating heart attack suffered

by Plaintiff A. Ray Rose .... A. Ray Rose has also suffered mental anguish ....

Complaint, paras. 17, 18.

The essential elements of the tort of intentional infliction of mental distress are defined in Restatement of Torts, Second, § 46(1) (1965):

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Appellants rely on Comment f to section 46 which states in part: "The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity."

In *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Super. 377, 368 A.2d 770 (1976), it was alleged in a complaint in trespass and wrongful death that a law firm and a creditor had inflicted severe emotional distress, causing two deaths, by their statements that the decedents' house was to be sold by execution upon a confessed judgment which may have been unenforceable. This court affirmed the lower court's order sustaining preliminary objections to the complaint holding that a cause of action had not been established and that the defendants had done no more than state an intent to pursue their remedies for default on the debtors' notes. The court stated as follows:

The comments to Section 46 provide a helpful guide in enumerating the elements of this tort. In Comment d to the section it is stated:

'Liability has been found only where the conduct has been *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.* Generally, the case is one in which the recitation of the facts to an average member of the community

would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.' (Emphasis added.)

It is apparent that the gravamen of this tort is that the conduct complained of must be of an extreme or outrageous type. *See Public Finance Corp. v. Davis*, 36 Ill. App.3d 99, 343 N.E.2d 226 (1976). Viewed in relation to the above standards it is clear that the conduct complained of in this case is not so extreme and outrageous as to support an action for intentional infliction of mental distress.

*Id.*, 244 Pa.Super. at 383, 368 A.2d at 773 (footnote omitted).

■ We conclude under *Jones* that appellants' complaint here fails to state a cause of action for the tort of intentional infliction of mental distress. Appellants seek to distinguish the instant case from *Jones* on the ground that in *Jones* "the lawyers who were sued were at least making an effort to collect a recognized debt that was owed," whereas in the case at No. GD 78–2021 "no cognizable legal rights were being pursued." Brief for Appellants at 15. We find no merit in this distinction. In *Jones*, the court recognized that there may have been valid defenses to the threatened execution proceedings, and that the defendants in that case may have been aware that execution proceedings could not be completed absent a hearing, but the court concluded that the existence of such knowledge or such defenses did not elevate the statements at issue to the level of "extreme and outrageous conduct." The court noted further that "it would be erroneous for this court to hold that a mistake as to the propriety of execution or its availability amounts to extreme or outrageous conduct." *Id.*, 244 Pa.Super. at 384 n.6, 368 A.2d at 774 n.6. In the same manner, the existence of valid defenses to the suit for malicious use of process at No. GD 78–2021, or a mistake as to the propriety of such suit or its availability, does not elevate appellees' conduct in instituting that action to "extreme and outrageous conduct."

■ We conclude that appellants' complaint fails to set forth a cause of action for defamatory remarks made in a court filing, not protected by privilege, or a cause of action

for outrageous conduct causing emotional distress under Restatement of Torts, Second, § 46(1) (1965). Inasmuch as we do not find any basis for the defamation or the outrageous conduct theories, there could not be any conspiracy to commit those acts. The lower court's order sustaining appellees' preliminary objections in the nature of a demurrer and dismissing appellants' complaint is hereby affirmed.

Order affirmed.