J-A27010-17

NON-PRECEDENTIAL DECISION-SEE SUPERIOR COURT I.O.P. 65.37

KURT D. MITCHELL

Appellant

v.

FRANCIS J. FORNELLI

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1842 WDA 2016

Appeal from the Order Entered November 10, 2016
In the Court of Common Pleas of Mercer County Civil Division at No(s):
No. 2016-1647

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY SHOGAN, J.: FILED MARCH 05, 2018

The Majority concludes that Judge Fornelli is not entitled to judicial immunity because he raised the defense through preliminary objections, and Appellant objected. In my opinion, such a hyper-technical interpretation of our procedural rules is neither compelled nor supported by current law and the facts of this case. The underlying record establishes that Judge Fornelli is an active senior judge on the Mercer County Court of Commons Pleas who was appointed by the appropriate judicial authorities to mediate this case as part of his judicial duties, and our rules allowed the trial court to take notice of those facts in deciding the preliminary objections. Accordingly, I respectfully dissent.

The Majority commences its analysis by acknowledging that, in Greenberg v. Aetna Ins. Co., 235 A.2d 576 (Pa. 1967), "our Supreme Court

permitted the defendant insurers to raise the affirmative defense of absolute privilege in preliminary objections where the plaintiff's complaint clearly showed that the plaintiff had no right to relief." Majority Memorandum at 9 (citing Greenberg, 235 A.2d at 579).[1] The Majority further notes that our sister court, the Commonwealth Court, has moved away from a strict interpretation of Pa.R.C.P. 1030 and has long recognized that immunity may be raised by preliminary objections when to delay a ruling would serve no purpose. Id. at 7 (citing Judge Fornelli's Brief at 21, which references Faust v. Com., Dept. of Revenue, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991), and Wurth by Wurth v. City of Philadelphia, 584 A.2d 403 (Pa. Cmwlth. 1990)). However, construing the subsequent Supreme Court case of Freach v. Commonwealth of Pennsylvania, 370 A.2d 1163 (Pa. 1977), as taking a contrary position to Greenberg and noting that our Court is not bound by Commonwealth Court decisions, the Majority declines to follow our sister court's practical approach. Majority Memorandum at 8–11.

Instead, citing to cases from our Court that have declined to recognize this exception where objections to such procedure are lodged, Majority Memorandum at 13–15, the Majority vacates the trial court's order and

_____

[1] Indeed, the Greenberg Court considered its position to be "wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law—delays which Courts are strenuously trying to eliminate or reduce—and it could not aid plaintiff at the trial or affect the result." Greenberg, 235 A.2d at 579.

remands for the inevitable dismissal of this case.[2]  In contrast, I find that the general proposition announced in Greenberg is still good law and that our procedural rules allow a trial court to sustain preliminary objections based not only on the complaint, but also on facts of record.  I further find that the subsequent cases in both the Supreme Court and our Court cited by the Majority, which do not involve judicial immunity, are distinguishable from the case at bar.  Therefore, I am compelled to disagree with the Majority's result.  In fact, I believe such a result wastes judicial resources and imposes an unnecessary burden of prolonged litigation and expense on all parties involved.[3]

Preliminary objections in the nature of a demurrer test the legal sufficiency of a complaint.  Vulcan v. United of Omaha Life Ins. Co., 715 A.2d 1169, 1172 (Pa. Super. 1998).  "[P]reliminary objections raising an issue

_____

[2]  I characterize dismissal as inevitable, because I find Appellant's additional issues as lacking in merit.

[3]  I am relieved that the Majority declined to base its decision "on the face of the complaint" because Appellant clearly misstated Judge Fornelli's status therein.  According to Appellant's complaint, Judge Fornelli is a former judge with the Mercer County Court of Common Pleas.  Complaint, 6/23/16, at ¶ 2.  As discussed infra, the record shows that Judge Fornelli is an active senior judge.  We must not permit a plaintiff to circumvent application of judicial immunity by omitting or misstating essential facts of record.  Furthermore, to the extent that Appellant argues that the trial court erred in not restricting its decision to the facts within the four corners of the complaint, we agree with Judge Fornelli that "[t]his issue has been waived.  It was not raised initially and it was not raised in Mitchell's Statement of Matters…as ordered by the trial court after his appeal under [Pa.R.A.P.] 1925(b)."  Judge Fornelli's Brief at 22.

under subdivision...(a)(4) may be determined from facts of record... ." Pa.R.C.P. 1028 at (c)(2) Note; see also Solomon v. U.S. Healthcare Sys. of Pennsylvania, Inc., 797 A.2d 346, 352 (Pa. Super. 2002) (recognizing that trial court may take judicial notice of public documents in ruling on demurrer). Moreover, a trial court "may rely on documents forming in part the foundation of the suit even where a plaintiff does not attach such documents to its complaint." Feldman v. Hoffman, 107 A.3d 821, 829 (Pa. Cmwlth. 2014); see also St. Peter's Roman Catholic Parish v. Urban Redev. Auth. of Pgh., 146 A.2d 724 (Pa. 1958) (permitting trial court to consider documents attached to defendant's preliminary objections).

Here, Judge Fornelli filed his preliminary objections in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4), arguing that Appellant's complaint was legally insufficient. Judge Fornelli attached to his preliminary objections the order appointing him as mediator in the underlying lawsuit. Preliminary Objections, 7/13/16, at Exhibit B. The trial court properly took judicial notice of the public documents and facts of record underlying Appellant's complaint, including some of the documents filed in Commonwealth v. Null, 2054 WDA 2014, which are included in the certified record at hand. Those sources revealed that Judge Fornelli is a senior judge of the Mercer County Court of Common Pleas, who the president judge of the Jefferson County Court of Common Pleas duly appointed to assist with a backlog of cases, including the mediation at the heart of this matter. Chief

Justice of Pennsylvania Thomas Saylor approved the president judge's appointment of Judge Fornelli. Moreover, the alleged slander occurred while Judge Fornelli was serving in his official capacity as a senior judge appointed to mediate a Jefferson County case. Complaint, 6/23/16, at ¶¶ 7–9. Therefore, the record reflects that Judge Fornelli was entitled to judicial immunity.

Furthermore, the cases relied upon by the Majority are clearly distinguishable. The Freach case involved official immunity, a type of immunity pertaining to government officials and employees. Freach, 370 A.2d at 1168. It did not involve judicial immunity or a challenge to the sufficiency of the complaint based on such immunity. Moreover, the Freach Court noted in a footnote that immunity from suit should be pleaded under "New Matter," but it did not absolutely prohibit it from being raised by preliminary objections. Freach, 370 A.2d at 1172, n.6. In fact, our Supreme Court reviewed the immunity issue on its merits, as had the Commonwealth Court, and did not mention the Greenberg case. Similarly, the case of Barber v. Lynch, 418 A.2d 749 (Pa. Super. 1980), involved a demurrer based on immunity pertaining to public officials, not judicial immunity. In Heifetz v. Philadelphia State Hospital, 393 A.2d 1160 (Pa. 1978), our Supreme Court reversed an order sustaining preliminary objections based on official immunity—not judicial immunity—because of a change in the law, not because the defense was improperly raised in preliminary objections. Finally, Kyle v.

McNamara & Criste, 487 A.2d 814 (Pa. 1985), was not a judicial immunity case and did not involve a complaint or record that clearly established immunity from suit. Rather, the Supreme Court first reversed the lower court rulings on a substantive demurrer and, secondarily, reversed the lower court rulings on affirmative defenses raised by demurrer. Moreover, "it has appeared that the Supreme Court has moved away from its strict interpretation of Rule 1030 in Kyle." Wurth, 584 A.2d at 407 n.4 (citing Farinacci v. Beaver County Industrial Development Authority, 511 A.2d 757 (Pa. 1986), and Gardner v. Consolidated Rail Corp., 573 A.2d 1016 (Pa. 1990)).

Again, Judge Fornelli filed preliminary objections in the nature of a demurrer, challenging the sufficiency of the complaint as stating a cause of action against him, a senior judge of the Mercer County Court of Common Pleas. I agree with the trial court's order sustaining the preliminary objections because "[Judge Fornelli] has the protection of immunity from suit in the exercise of his Court appointed duties to hear the backlog of Jefferson County cases." Trial Court Opinion, 2/27/17, at 5. I find no basis for penalizing a jurist who demurs, in lieu of raising an affirmative defense, where the complaint or facts of record establish that no cause of action against him exists. Rather, I favor the approach of our sister court and would hold that judicial immunity may be raised by preliminary objections in such circumstances. See Wurth, 584 A.2d at 407 ("[I]t is needless to prolong

proceedings when the matter can be correctly and quickly decided on preliminary objections in the nature of a demurrer pursuant to [Pa.R.C.P. 1028(a)(4)]. This was the rationale and holding of Greenberg, which has never been overruled."). Hence, I dissent.