Joseph Lucy, Peter Bukowski, Patrick Vinansky, Richard Cicci, Jack Evans and John Washlack, Appellants *v.* J. M. Muchnok, E. C. Urbany and W. J. Vicinelly, Appellees.

Argued May 1, 1978, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Anthony J. Seneca,* for appellant.

*Dennis W. Strain,* Assistant Attorney General, for appellees.

*Kenneth J. Yablonski,* for amicus curiae, District 5 United Mine Workers of America.

Opinion by Judge Rogers, June 12, 1978:

This is the appeal of Joseph Lucy, Peter Bukowski, Patrick Vinansky, Richard Cicci, Jack Evans and

John Washlack from an order of the Court of Common Pleas of Washington County dismissing their amended complaint in trespass against J. M. Muchnok, E. C. Urbany and W. J. Vicinelly for failing to state a cause of action.

Plaintiffs Lucy, Vinansky and Bukowski are members of the Mine Safety Committee of the Ellsworth, Pennsylvania Local of the United Mine Workers of America. Plaintiffs Washlack, Cicci and Evans are members of the Mine Committee of the same local. The plaintiffs' amended complaint contains allegations that the defendants Muchnok and Urbany are Bituminous Mine Inspectors of the Commonwealth and the defendant Vicinelly is the Commissioner of Deep Mine Safety;[1] that after an inspection of Bethlehem Mine Corporation mine No. 51, defendants Muchnok and Urbany filed a report with the Acting Director, Bituminous Regional Mine Safety, Department of Environmental Resources, stating that: "It is apparent that the mine safety committee, mine committee, mine management and the safety department are in collusion and are not enforcing the law. . . ."; that the defendant Vicinelly received a copy of this report and republished it by sending copies to other persons; that the quoted statement was false and libelous; and that the plaintiffs had suffered and would continue to suffer injury to their reputations for which they were entitled to damages.

The defendants filed amended preliminary objections in which under the heading "Lack of Jurisdiction" they averred the following concerning Bitumi-

---

[1] The complaint also named W. H. Nixon, another Bituminous Mine Inspector, as a defendant. By stipulation of the parties, Mr. Nixon was removed as a defendant as the result of his death subsequent to the filing of the complaint.

nous Mine Inspectors, the positions held by Muchnok and Urbany:

(a) appointed by the Governor;

(b) charged with the enforcement of the bituminous deep mine safety laws in his assigned district;

(c) delegated discretion by statute in the enforcement of the deep mine safety laws in his district;

(d) charged with investigation and reporting any violations of the bituminous deep mine safety laws and other matters affecting the safety of persons working in bituminous deep mines;

(e) authorized to initiate criminal and civil proceedings against persons violating the bituminous deep mine safety laws;

(f) charged with serving on commissions, the findings of which are binding upon the Commonwealth;

(g) charged with conducting examinations for certification of mine officials.

(h) charged with conducting examinations for certification of miners in his district; and

(i) charged with approving mining methods and procedures within his district.

The amended preliminary objections averred that the defendant Vicinelly, as Commissioner of Deep Mine Safety, was:

(a) charged with directing the work of the Office of Deep Mine Safety, including the work of the Bituminous Mine Inspectors;

(b) responsible directly to the Secretary of Environmental Resources;

(c) charged with the enforcement of all deep mine safety laws and with determining

policy with regard to the enforcement of those laws; and

(d) authorized to appoint investigating commissions, the findings of which are binding upon the Commonwealth, and to approve mining methods, equipment and training programs.

The plaintiffs filed an answer to the amended preliminary objections admitting these averments.

The defendants also demurred to the amended complaint on the ground that all defendants were high public officials who enjoyed absolute immunity from suit on account of acts done in their official capacity. The court below held that the nature of the duties with which the defendants were charged required that they be deemed to be high public officials, sustained the defendants' preliminary objections in the nature of a demurrer and dismissed the plaintiffs' complaint. This appeal followed.

We have first a question of which court, the court below or we, has jurisdiction with respect to suits against the several defendants. Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970 (Act)[2] vests exclusive original jurisdiction in the Commonwealth Court over suits against officers of the Commonwealth acting in their official capacity. In a case not available to the court below at the time of its disposition of the defendants' preliminary objections, we held that for jurisdictional purposes officers of the Commonwealth included "only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Opie v. Glascow,*

---

[2] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1).

*Inc.*, 30 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977). Our examination of the plaintiffs' Answer to the defendants' amended preliminary objections plainly shows that the defendant Vicinelly is an officer of the Commonwealth within that meaning and that his actions complained of were done in his official capacity as the State's Commissioner of Deep Mine Safety. Consequently, exclusive original jurisdiction of the complaint against Mr. Vicinelly was in the Commonwealth Court. Technically the court below, rather than sustaining the preliminary objections, should have transferred the action against Vicinelly to this Court. In the interest of judicial economy, we will treat the suit against Vicinelly as having in fact been transferred to this Court and will sustain the preliminary objections on the ground of his absolute immunity.[3]

Since defendants Muchnok and Urbany plainly did not perform any *state-wide* policymaking functions as Bituminous Mine Inspectors, they are not officers of the Commonwealth for jurisdictional purposes. As we noted in *Fischer v. Kassab*, 32 Pa. Commonwealth Ct. 581, 585, 380 A.2d 926, 928 (1977), however, "an individual may be a high public official entitled to absolute immunity but not be an officer of the Commonwealth if his policymaking authority is not state-wide." As the court below correctly decided, this is precisely the case with defendants Muchnok and Urbany.

---

[3] It may be noted that we held in *Fischer v. Kassab*, 32 Pa. Commonwealth Ct. 581, 585, 380 A.2d 926, 928 (1977), that " 'officer' as used in Section 401(a)(1) and as defined in Opie v. Glascow, Inc., supra, encompasses 'high' public officials for purposes of determining absolute immunity so that an individual who is an officer over whom we have jurisdiction is necessarily entitled to absolute immunity."

In determining whether a public officer is a high public official we must consider "the nature of his duties, the importance of his office, and particularly whether or not he has policymaking functions." *Montgomery v. City of Philadelphia,* 392 Pa. 178, 186, 140 A.2d 100, 105 (1958). An examination of the duties of a Bituminous Mine Inspector admitted on the record and of the responsibilities placed on persons holding the position by the Pennsylvania Bituminous Coal Mine Act, Act of July 17, 1961, P.L. 659, *as amended,* 52 P.S. §701-101 et seq., compels agreement with the court below that Bituminous Mine Inspectors are high public officials. Finally, the report in which the allegedly libelous statement was contained was clearly filed by Muchnok and Urbany in their official capacities.

Accordingly, we enter the following

ORDER

AND Now, this 12th day of June, 1978, the order of Court of Common Pleas of Washington County dated March 10, 1977 is affirmed with respect to the suits against J. M. Muchnok and E. C. Urbany; with respect to the suit against W. J. Vicinelly, which we treat as having been transferred, the preliminary objections are sustained and the complaint dismissed.