418 A.2d 749

**Richard E. BARBER, Appellant,**

**v.**

**John P. LYNCH, Individually and as Controller of Allegheny County, and Carol Brown, former Deputy Controller of Allegheny County,**

**URBAN TALENT DEVELOPMENT CORPORATION, a Pennsylvania Not–for–Profit Corporation, Appellant,**

**v.**

**John P. LYNCH, Individually and as Controller of Allegheny County, and Carol Brown, former Deputy Controller of Allegheny County.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed March 7, 1980.

334

Garland H. McAdoo, Jr., Pittsburgh, for appellant.

Joseph F. Grochmal, Pittsburgh, for John P. Lynch, appellee.

John J. McLean, Jr., Pittsburgh, for Carol Brown, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The instant appeals arise from Orders of the lower court sustaining the Appellees' preliminary objections in the nature of demurrers. Originally, two actions were filed before the Court of Common Pleas of Allegheny County. Both cases have an identical procedural history and have been consolidated for purposes of appeal.

In the first case, the Appellant Richard E. Barber, an individual, initiated an action against John P. Lynch, Appellee, the Controller of Allegheny County, and against Carol Brown, who at the time of the initiation of suit, was Deputy

Controller of Allegheny County. In the second case, the Appellant Urban Talent Development Corporation, a Pennsylvania non–profit corporation, brought suit against the same two officials. The Complaints in each case were substantially identical. Although somewhat lengthy, the gist of the Complaints was that the Appellees made defamatory statements about the Appellants, which were reported in two newspaper articles in Pittsburgh. The Complaints alleged that such defamatory statements were false and made with actual malice or a reckless disregard for the truth.

The Appellees filed preliminary objections, demurring to the Complaints. In such preliminary objections, Appellees maintained that because of their public offices, they enjoyed an immunity from tort liability in suits such as those initiated by Appellants. The Appellees also concurrently claimed what must be termed a qualified immunity or privilege in connection with the allegedly defamatory statements.[1] The Appellees also argued that the statements in issue were not defamatory.

After Appellees had filed their preliminary objections, both Appellants in turn filed preliminary objections contending that the defenses of immunity and privilege could not be raised by preliminary objections in the nature of demurrers by each Appellant. The lower court granted the Appellees' preliminary objections solely upon its finding that the Appellees enjoyed absolute immunity from suit in the instant actions by virtue of their respective positions as "high public officials". Moreover, the Court rejected arguments of the Appellants that the doctrine of absolute immunity for high

---

1. The preliminary objections of Appellees do not specifically use the term "qualified privilege" or "qualified immunity". However, a review of the Appellees' preliminary objections shows that each Appellee urged grounds which might be described as claims of qualified privilege or immunity in the circumstances in which the alleged defamatory statements were made. A review of the decision of this Court in *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977) is instructive in its discussion of the difference between the defense of absolute immunity granted to a high public official and the qualified privilege or immunity defense.

public officials should be abrogated. The lower court did not deal with the claim that the statements were not defamatory.

On appeal, the parties have briefed and argued two principal issues: (1) Whether or not the Appellees are entitled to absolute immunity from liability in these defamation actions because they are high public officials; and (2) Whether Appellees properly raised the defense by preliminary objections in the nature of a demurrer, or whether such defense is required by the Pennsylvania Rules of Civil Procedure to be raised as new matter in response to the Complaint. The Appellants again contend that the doctrine of absolute immunity to high public officials from liability for defamatory statements must be abrogated. The Appellees argue that the statements were not defamatory. After careful review and consideration, we are constrained to find merit in the Appellants' claims that the issue of official immunity was improperly raised in preliminary objections in the nature of a demurrer, rather than in new matter. As a result of that conclusion, we do not deem it appropriate to resolve the substantive issues of whether or not the Appellants are high public officials or whether the doctrine of official immunity should still be part of the law in our Commonwealth. Also, we will not reach the merits of Appellees' claim regarding the defamatory nature of the statements made.

Three specific procedural rules are relevant in the analysis of these cases. Pennsylvania Rule of Civil Procedure 1017 deals with the types of pleadings permitted in our civil practice, and provides, in pertinent part:

(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter–reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

(b) Preliminary objections are available to any party and are limited to

(4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counter-claim; . . .

Pennsylvania Rule of Civil Procedure 1030 covers the subject of new matter and is clearly relevant to the issues herein. That Rule states:

All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, *immunity from suit*, impossibility of performance, laches, license, payment, release, res judicata, and waiver and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and statute of limitations, *shall be pleaded in a responsive pleading under the heading "New Matter"*. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. (Emphasis added.)

Finally, we must be cognizant of Rule 1045(b) of the Rules of Civil Procedure, dealing with the pleading of various defenses, which provides:

All affirmative defenses, including but not limited to those enumerated in Rule 1030, and the defenses of consent, *qualified privilege*, fair comment, truth and justification, and, unless previously raised by demurrer and sustained the defenses of statute of limitations and statute of frauds, *shall be pleaded under the heading "New Matter"*. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading. The defenses of contributory negligence and assumption of risk need not be pleaded. A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of risk. (Emphasis added.)

It is the position of the Appellants that Rules 1030 and 1045(b) clearly require that Appellees raise their immunity defenses by way of new matter and not in preliminary objections. We must agree, as a result of the clear support for Appellants' position in the decision of the Supreme Court of Pennsylvania in *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977). In *Freach*, the Supreme Court considered an action in trespass against certain agencies, officials and employees of the Commonwealth arising out of the assault and killing of two minors by a former patient in a state mental hospital. The Commonwealth Court, assuming original jurisdiction in the case, had sustained preliminary objections of several defendants on the ground that such persons were "high public officials" and therefore absolutely immune from suit. On appeal, the Supreme Court commented on the specific question of whether or not such an immunity defense could be raised by preliminary objections:

It is to be noted that immunity from suit is an affirmative defense which should be pleaded under the heading "New Matter" in a responsive pleading; it is not properly raised by preliminary objections. See Pa.R.C.P. 1030. Since, however, the plaintiffs–appellants did not object at any point in the proceedings before the Commonwealth Court to the manner in which the issue of immunity was raised and the Commonwealth Court decided the immunity questions on their merits, we will do likewise. By so doing we do not condone the disregard of the Pennsylvania Rules of Civil Procedure by appellees. See also the dissenting opinion by Judge Crumlish in this case, 23 Pa.Cmwlth. 546 at 553, 354 A.2d 908 at 912. *Freach v. Commonwealth*, 471 Pa. at 564–565, 370 A.2d at 1166–1167 (fn.6).

Of course in the instant cases, unlike in *Freach*, the plaintiffs–appellants did object explicitly to the manner in which the issue of immunity was raised by Appellees. In light of such objections and the clear pronouncement by the Supreme Court in *Freach*, we do not feel free to reach the merits of the immunity issue, which was raised on preliminary objections by the Appellees.

In reaching our conclusion we have not ignored several cases which have come to our attention which appear to conflict with the position of the Supreme Court in *Freach* which is discussed above. For instance, the Appellees have called to our attention the decision of the Supreme Court in the case of *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A.2d 576 (1967). In *Greenberg*, the plaintiff brought an action for defamation because in answers filed in another suit, the defendants had claimed that fires resulted from what amounted to arson by the plaintiff. The defendants filed preliminary objections in the nature of demurrers, contending that they enjoyed an absolute privilege in that the words in question were set forth in pleadings in a lawsuit. The plaintiff argued that such a defense to a defamation claim had to be raised in new matter, rather than in a preliminary objection. In *Greenberg*, the Supreme Court discussed the same procedural rules which we have considered here. The Court held, inter alia, that the lower court properly sustained the defendant's preliminary objection because the Complaint showed upon its face that the claim could not be sustained. While we find the reasoning of the Supreme Court in *Greenberg* to be interesting, we cannot ignore the fact that its pronouncement in the *French* case was made some ten years later and involved the defenses of high official immunity and qualified privilege or immunity. In such circumstances we believe the admonition in *Freach* controlling of our decision in the instant appeals.

Subsequent to the decision in *Freach*, the Supreme Court decided *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). That case involved a wrongful death action against the Commonwealth and seven named individuals as a result of a motorist's death after his car plunged into an excavation on a public roadway. The available history of the case merely indicates that the trial court dismissed the complaint on the basis of sovereign immunity. It is not clear whether the dismissal was based upon preliminary objections filed by the defendants. There is no mention in the *DuBree* decision of the issue of whether or not preliminary objections or new

matter is the proper procedural method of raising the immunity defense. In the absence of any discussion concerning that point, even if the defense was raised by preliminary objections, we cannot find that the Supreme Court intended to overrule its earlier pronouncement in *Freach* concerning the correct procedure.

Finally, we are also cognizant of several decisions of this Court and the Commonwealth Court in which the claim of immunity was raised by preliminary objections by the defense. See for example *Jennings v. Cronin*, 256 Pa.Super. 398, 389 A.2d 1183 (1978) (petition for allowance of appeal denied November 22, 1978); *Barto v. Felix, supra*; and *Lucy v. Muchnok*, 36 Pa.Cmwlth. 272, 387 A.2d 945 (1978). We do not find a discussion in any of these cases of the issue of whether or not the question of immunity could properly be raised by preliminary objection rather than in new matter. However, we must assume that no party raised that issue in any of these cases, in view of the absence of any such discussion on the point. In any event, neither our Court nor the Commonwealth Court is free to disregard the Supreme Court's pronouncements regarding the procedural rules.

As discussed earlier in this Opinion, the Appellees contended in their preliminary objections that the statements attributed to them could not be properly characterized as defamatory. The lower court did not discuss this issue, and we do not believe it is appropriate that it be initially the subject of appellate inquiry.[2] The issue appears to be one which could properly be the subject of preliminary objections under Pa.R.C.P. 1017, and in view of our decision concerning the immunity and privilege issues, we must remand for further consideration by the lower court on the question of whether the Appellees are correct in claiming that the words in issue are not capable of being characterized as defamatory. If the lower court finds merit to that claim, Appellees' preliminary objections should be sustained. If the lower court finds no merit in that argument of

**2.** The lower court cannot be faulted for not reaching the issue in view of its finding that the Appellees were absolutely immune from liability, whatever the characterization of their comments.

Appellees, they should be permitted sufficient time to file such pleadings responsive to the Complaints as they may deem appropriate.[3]

Both orders are reversed and remanded for proceedings consistent with this opinion.

---

3. We direct the attention of the parties and the lower court to the Dissenting Opinions of Justice Cohen and Justice Jones in the *Greenberg* case, which suggest possible procedures for the expeditious determination of the immunity issue, prior to trial, on motions filed under Rules of Civil Procedure 1034 and/or 1035.