J-A27010-17

NON-PRECEDENTIAL DECISION-SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| KURT D. MITCHELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRANCIS J. FORNELLI, | |
| Appellee | No. 1842 WDA 2016 |

Appeal from the Order Entered November 10, 2016
In the Court of Common Pleas of Mercer County
Civil Division at No(s):  2016-1647

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    FILED  MARCH 5, 2018

Appellant, Kurt D. Mitchell, appeals from the trial court's November 10, 2016 order, sustaining Appellee's, The Honorable Francis J. Fornelli ("Judge Fornelli"),[1] preliminary objections and dismissing Appellant's complaint with prejudice.  We vacate the trial court's order, and remand for further proceedings.

The trial court summarized the factual and procedural background of this case as follows:

_____

[1] By way of background, according to Appellant's complaint, Judge Fornelli "is a former judge with the Mercer County Court of Common Pleas."  Compl. ¶ 2. However, both Judge Fornelli and the trial court state that he is a senior judge, not a former judge.  See Trial Court Opinion (TCO), 2/27/17, at 5, 7, 10; Judge Fornelli's Preliminary Objections to the Complaint, ¶ 2.

Appellant ... has filed an [a]ppeal from this [c]ourt's grant of a [d]emurrer in favor of [Judge Fornelli], thus denying Appellant's [p]reliminary [o]bjections to [p]reliminary [o]bjections and dismissing Appellant's civil case.  Appellant's lawsuit was in the nature of slander arising from alleged comments made by Judge Fornelli, regarding Appellant's representation of one, Clifford Null.[2]

[Appellant] is an attorney practicing in Pennsylvania and other jurisdictions, who alleged [Judge Fornelli] slandered him prior to a proceeding in the nature of a mediation[, which related to the fines imposed in Clifford Null's criminal case.]  Judge Fornelli was to preside over the mediation pursuant to an assignment to hear a backlog of Jefferson County cases.  The assignment was ordered by the Honorable John H. Foradora, President Judge of the Court of Common Pleas of Jefferson County[,] Pennsylvania. [Pennsylvania Supreme Court Chief] Justice [Thomas G.] Saylor approved the [o]rder.  The alleged slanderous remarks took place[] when it was discovered that [Appellant] had not accompanied his client to the mediation.

[Appellant], having heard that Judge Fornelli had made derogatory comments to his client Clifford Null, filed his [c]omplaint in May of 2016.  Judge Fornelli filed [p]reliminary [o]bjections in the nature of a demurrer, raising the defense of immunity from suit.  Appellant raised [p]reliminary [o]bjections to

_____

[2] The trial court further elaborated:

Appellant had been representing Clifford Null in a criminal summary offense, which was appealed to the Superior Court at [Commonwealth v. Null, 2054 WDA 2014, unpublished memorandum (Pa. Super. filed Dec. 30, 2015)].  Null had been fined an aggregate of $267,258.00, for offenses under the Pennsylvania Construction Code Act, of which Null was found guilty after a hearing was conducted in the Court of Common Pleas of Jefferson County, Pennsylvania.  After an appeal, the Superior Court remanded a single issue to the trial [c]ourt for consideration — whether the fines imposed by the Commonwealth were excessive, whether additional evidence was necessary, and to enter a new [o]rder.  The trial [c]ourt decided to have the matter conducted through mediation....

TCO at 3-4.

- 2 -

[p]reliminary [o]bjections, claiming that the immunity defense may not be raised by [p]reliminary [o]bjections, that the [p]leading was not signed, and that mediation is not a judicial act entitling Judge Fornelli to immunity.

TCO at 2-3.

As mentioned supra, the trial court sustained Judge Fornelli's preliminary objections and dismissed Appellant's complaint with prejudice. In doing so, the trial court specifically explained, "Judge Fornelli[] is entitled to judicial immunity for [Appellant's] claim, which arose from alleged statements made to [Appellant's] client, Clifford Null, while performing his judicial duties, while assigned to hear the Clifford Null proceeding." Trial Court Opinion, 11/16/16, at 6. Appellant subsequently filed a timely notice of appeal and a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Presently, Appellant raises the following issues for our review:

1. Did the trial court err by allowing [Judge] Fornelli to present his immunity defense through preliminary objection[s]?

2. Did the trial court err by failing to apply the proper standard when ruling on [Judge] Fornelli's preliminary objection[s]?

3. Did the trial court err by failing to analyze whether the common pleas court has authority to order a summary criminal case to mediation?

4. Did the court err by wrongly assuming [Appellant] was counsel of record for Clifford Null at the time of the illegal mediation?

Appellant's Brief at 6.

Initially, we acknowledge that,

[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the

- 3 -

trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

Richmond v. McHale, 35 A.3d 779, 783 (Pa. Super. 2012) (citations and original brackets omitted).

In his first issue, Appellant contends that the trial court erred by allowing Judge Fornelli to raise his immunity defense through preliminary objections. Appellant's Brief at 10 (unnecessary capitalization and emphasis omitted). In support, Appellant points to Pa.R.C.P. 1030, which provides the following:

(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

Pa.R.C.P. 1030(a) (emphasis added; internal notes omitted).[3]

Appellant contends that Rule 1030 requires that litigants raise immunity defenses in new matter and not through preliminary objections. See Appellant's Brief at 8. He further argues that "[w]hile it is true that some courts have recognized a limited exception to raise the defense through

_____

[3] In comparison, Pa.R.C.P. 1028 — pertaining to preliminary objections — provides the following:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
> >
> > (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
> >
> > (3) insufficient specificity in a pleading;
> >
> > (4) legal insufficiency of a pleading (demurrer);
> >
> > (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;
> >
> > (6) pendency of a prior action or agreement for alternative dispute resolution;
> >
> > (7) failure to exercise or exhaust a statutory remedy; and
> >
> > (8) full, complete and adequate non-statutory remedy at law.
>
> (b) All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.

Pa.R.C.P. 1028(a), (b) (internal notes omitted).

preliminary objection[s], this is limited to instances where the defense is clear on the face of the complaint." Id. Moreover, he claims that, "other courts have refused to recognize the exception at all, or refused to recognize it where an objection is made." Id. Thus, he urges us to determine that raising the defense of immunity from suit through preliminary objections is inappropriate and, as a result, requests that we vacate the trial court's order sustaining Judge Fornelli's preliminary objections on the basis of judicial immunity. See id.

Relying on the limited exception referenced by Appellant supra, the trial court resolved that "it was proper procedure to file a demurrer where the complaint fails to state a claim for which relief may be granted on its face by virtue of the judicial immunity defense." TCO at 3 (unnecessary capitalization and emphasis omitted). In particular, the trial court explained,

> it has long been the rule that immunity from suit can be raised by preliminary objections when the defense is apparent from the face of the complaint. See Feldman v. Hoffman, 107 A.3d 821[, 829] ([Pa. Cmwlth]. 2014), "Pennsylvania Courts have long recognized a limited exception to … Rule [1030] and have allowed parties to plead the affirmative defense of immunity as a preliminary objection where the defense is clearly applicable on the face of the complaint."
>
> Appellant contends that [Judge Fornelli] followed improper procedure. However, the [c]ourt, at every stage of any action, may disregard any defect or error which does not affect the substantial rights of the parties. See[] Pa.R.C.P. 126.[4] Here,

_____

[4] Rule 126 states:

Appellant fails to demonstrate how the timing of the immunity defense affects the ultimate conclusion that [Judge Fornelli] is immune from suit. Appellant fails to suggest that further pleadings will add new relevant facts beyond the face of his pleading that will change the outcome.

TCO at 4.

Similarly, Judge Fornelli claims:

While it is true that immunity from suit is an affirmative defense[,] which pursuant to [Rule] 1030 must be properly raised under new matter, courts have been moving away from this strict interpretation and it is now currently accepted that immunity is a defense that may be raised by preliminary objection "when to delay a ruling thereon would serve no purpose." Faust v. Com., Dept. of Revenue, 592 A.2d 835, 838 n.3 (Pa. Cmwlth. 1991). See also[] Wurth by Wurth v. City of Philadelphia, 584 A.2d 403 (Pa. Cmwlth. 1990).

Judge Fornelli's Brief at 21.

Significantly, both the trial court and Judge Fornelli cite cases from only our sister appellate court in support of this limited exception to Rule 1030. Yet, it is well established that Commonwealth Court decisions are not binding on this Court. See Pollina v. Dishong, 98 A.3d 613, 621 n.8 (Pa. Super. 2014) (observing that decisions of the Commonwealth Court are not binding on this Court, but may serve as persuasive authority) (citation omitted).

_____

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

Neither Judge Fornelli nor the trial court cite to a case from this Court that explicitly allows a party to raise the affirmative defense of judicial immunity in preliminary objections merely because such a defense is clear from the face of the complaint.[5] In fact, our own cursory research has not yielded any such authority either. It has revealed, however, the inconsistency and uncertainty surrounding when parties may raise an affirmative defense in preliminary objections.[6]

_____

[5] In Feldman — which is the case relied on by the trial court — the dissent discerns that the Superior Court, unlike the Commonwealth Court, has upheld that our Rules of Civil Procedure mandate that immunity be raised in an Answer under New Matter, instead of as a preliminary objection. See Feldman, 107 A.3d at 839 n.2 ("[T]he majority states that the dissent ignores 'the reality that its hardline position has been outright rejected by countless courts.' 'Countless courts' have not followed Pa.R.C.P. 1030, just our court, and not in 'countless' decisions, but just 'some' decisions which are inconsistent with other decisions.") (Pellegrini, J., dissenting).

[6] Before delving into our discussion of the pertinent authorities, we underscore that Judge Fornelli states that his preliminary objections and the trial court's disposition center on judicial immunity, not judicial privilege. In particular, he states:

> It is important to note at this point that [Appellant's] brief does not address judicial immunity but relies solely on judicial privilege case law. Although there are instances where the two doctrines overlap, it is critical to point out that the two kinds of immunity are not interchangeable. [J]udicial immunity broadly protects judicial officers in a variety of situations while judicial privilege provides immunity for communications made in the course of judicial proceedings that are material to the relief requested. This privilege applies not only to judges but also to parties, witnesses, and attorneys. Schanne v. Addis, 121 A.3d 942 (Pa. 2015). [Appellant] mistakenly argues in his brief that there is no judicial immunity based on case[s] dealing with judicial privilege. Although Judge Fornelli is also immune in this particular instance

Initially, we acknowledge that in Greenberg v. Aetna Insurance Co., 235 A.2d 576 (Pa. 1967), our Supreme Court permitted the defendant insurers to raise the affirmative defense of absolute privilege in preliminary objections where the plaintiff's complaint clearly showed that the plaintiff had no right to relief. See id. at 579. In that case, the plaintiff filed libel suits against the insurers, alleging that, in an answer filed in a prior lawsuit, they had falsely and maliciously charged him with committing, inter alia, arson. Id. at 577. The insurers filed preliminary objections in the nature of a demurrer to the plaintiff's complaint, contending that they had an absolute privilege to plead incendiarism by the plaintiff as a defense in a suit by the plaintiff to recover on his fire insurance policies. Id. The plaintiff subsequently filed preliminary objections to the insurers' preliminary objections, averring that "the defense of absolute (or limited) privilege cannot be raised by preliminary objections but must ... be raised in [an] answer under 'new matter.'" Id. On appeal, our Supreme Court rejected the plaintiff's argument, explaining,

> where [the] plaintiff's complaint or pleading shows on its face that his claim cannot be sustained, preliminary objections are an appropriate remedy. The second and more important reason is that this Court has repeatedly and wisely sustained preliminary objections where [the] plaintiff's complaint or pleading shows on

_____

> based on the judicial privilege doctrine, his preliminary objections and the trial court's decision are clearly focused on the judge's judicial immunity.

Judge Fornelli's Brief at 19-20. In light of this statement, we will assume for our purposes that judicial privilege and judicial immunity are distinguishable on this basis, and only judicial immunity is at issue in this appeal.

its face that his claim is devoid of merit.  This is wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law — delays which [c]ourts are strenuously trying to eliminate or reduce — and it could not aid [the] plaintiff at the trial or affect the result[.]

Id. at 579 (internal citations omitted).

Despite this reasoning, in its subsequent decision in Freach v. Commonwealth, 370 A.2d 1163 (Pa. 1977), our Supreme Court took a contrary position.  In that case, the parents and personal representatives of two murdered teenagers brought survival and wrongful death actions against various defendants, alleging, inter alia, that each of the defendants should have known of the murderer's mental instability and criminal tendencies, and were responsible for the murderer's having the opportunity to kill the teenagers.  Id. at 1165-66.  In preliminary objections, the various defendants claimed to enjoy, respectively, either sovereign immunity, absolute immunity as high public officials, or conditional immunity from suit.  Id. at 1166.  In response, our High Court noted,

immunity from suit is an affirmative defense which should be pleaded under the heading 'New Matter' in a responsive pleading; it is not properly raised by preliminary objections.  Since, however, the plaintiffs-appellants did not object at any point in the proceedings before the Commonwealth Court to the manner in which the issue of immunity was raised and the Commonwealth Court decided the immunity questions on their merits, we will do likewise.  By so doing we do not condone the disregard of the Pennsylvania Rules of Civil Procedure by [the] appellees.

Freach, 370 A.2d at 1166 n.6 (emphasis added; citation omitted).[7]

Later, this Court attempted to reconcile the Greenberg and Freach opinions. See Barber v. Lynch, 418 A.2d 749 (Pa. Super. 1980). In Barber, the plaintiffs alleged that the defendants — who were the Controller and Deputy Controller of Allegheny County — made defamatory statements about them, which were then reported in two newspaper articles. Id. at 749. The defendants filed preliminary objections, alleging, among other things, that they were protected by absolute immunity from tort liability due to their positions as high public officials. Id. at 749-50.[8] In turn, the plaintiffs filed preliminary objections stating that the defendants could not raise the defenses of immunity and privilege by preliminary objections. Id. at 750. On appeal to this Court, we determined that "the issue of official immunity was improperly raised in preliminary objections in the nature of a demurrer, rather than in new matter." Id. In reaching this conclusion, we explained that "[w]hile we find the reasoning of the Supreme Court in Greenberg to be interesting, we cannot ignore the fact that its pronouncement in the Fre[a]ch

_____

[7] See also Heifetz v. Philadelphia State Hospital, 393 A.2d 1160, 1162 n.5 (Pa. 1978) ("Again we must remind counsel and the courts that immunity from suit is an affirmative defense which should be raised under the heading of 'New Matter' in a responsive pleading and should not be raised by preliminary objections.") (citations omitted).

[8] Specifically, in their preliminary objections, the defendants "maintained that because of their public offices, they enjoyed an immunity from tort liability in suits such as those initiated by [the plaintiffs]. [The defendants] concurrently claimed what must be termed a qualified immunity or privilege in connection with the allegedly defamatory statements [underlying the lawsuit]." Barber, 418 A.2d at 749-50 (footnote omitted).

case was made some ten years later and involved the defenses of high official immunity and qualified privilege or immunity. In such circumstances we believe the admonition in Freach controlling of our decision in the instant appeals." See id. at 752.

Finally, in Kyle v. McNamara & Criste, 487 A.2d 814 (Pa. 1985), the plaintiff sued an attorney and the attorney's law firm, alleging that the attorney had breached an agreement not to accept legal employment inconsistent with the plaintiff's having disclosed confidential information to him and his firm. Id. at 815-16. In his preliminary objections, the attorney claimed he was protected by, inter alia, quasi-judicial immunity. Our Supreme Court observed that "[i]mmunity from suit … [is an] affirmative defense[] which must be pleaded under new matter[,]" and it is "not properly raised as [a] matter[] within the purview of preliminary objections." Id. at 816 (citations omitted). Accordingly, the Court allowed the action to proceed. Id.

A review of the applicable case law indicates that this Court has not embraced the practice of resolving immunity defenses through preliminary objections solely because such a defense is obvious from the face of the complaint.[9] Instead, this Court has primarily relied on another limited

_____

[9] But see Pelagatti v. Cohen, 536 A.2d 1337, 1346 (Pa. Super. 1987) ("[W]hile the affirmative defense of truth is generally to be pled in new matter, an affirmative defense may be raised by way of preliminary objections where it is established on the face of the complaint, or where the plaintiff fails to object to the procedural irregularity.") (citing Iudicello v. Commonwealth of Pennsylvania, Dept. of Transportation, 383 A.2d 1294 (Pa. Cmwlth.

exception to Rule 1030, allowing litigants to raise immunity defenses in preliminary objections where no objections to such procedure are lodged. "Immunity from suit is an affirmative defense which must be pleaded in New Matter, not in preliminary objections. However, where the defense is raised by preliminary objections and this procedure is not objected to, the question of immunity from suit may be decided." Bloom v. Dubois Regional Medical Center, 597 A.2d 671, 675 n.4 (Pa. Super. 1991) (citation omitted).[10] We

_____

1978); Cooper v. Dowington School Dist., 357 A.2d 619, 621 (Pa. Super. 1976) (reaching the merits of a statute of limitations issue raised by preliminary objections in the interest of judicial economy, where no objection to such procedure was made)); DeSantis v. Swigart, 442 A.2d 770, 772 (Pa. Super. 1982) ("Absolute privilege in a libel case may be raised by demurrer where the defendant's privilege appears on the face of the complaint.") (citing Greenberg, supra). Again, we note that Judge Fornelli claimed his preliminary objections focused on judicial immunity, not on whether his communication enjoyed an absolute privilege.

[10] See also Pollina, 98 A.3d at 617 n.3 ("We note that, pursuant to Pa.R.C.P. 1030(a), immunity from suit is an affirmative defense which must be pleaded in a responsive pleading under the heading 'New Matter.' When a party erroneously asserts this substantive defense in preliminary objections, rather than raising the defense by answer or in new matter, the failure of the opposing party to object to the defective preliminary objections waives the procedural defect and allows the trial court to rule on the preliminary objections.") (citations omitted); Richmond, 35 A.3d at 782 ("Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.") (citation omitted); Soto v. Nabisco, Inc., 32 A.3d 787, 788 n.2 (Pa. Super. 2011) ("If … a party raises the defense of immunity from suit via preliminary objections and the opposing party does not object, then the court can decide the issue of immunity from suit."); Heinrich v. Conemaugh Valley Memorial Hosp., 648 A.2d 53, 57

observe that this "reasoning is consistent with the principle that when a party does not object to a non-jurisidictional defect, the matter is waived." Feldman, 107 A.3d at 838 (Pellegrini, J., dissenting).

Here, Appellant filed preliminary objections to Judge Fornelli's preliminary objections, in which he objected to Judge Fornelli's improperly raising the affirmative defense of immunity from suit in preliminary objections. Therefore, because Judge Fornelli raised immunity defenses through

_____

(Pa. Super. 1994) ("In general, preliminary objections are not available to raise the defense of immunity from suit. Where a party erroneously asserts substantive defenses in preliminary objections rather than raising same by answer or in new matter, the failure of the opposing party to file preliminary objections to defective preliminary objections, raising erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.") (citations omitted); Mosley v. Observer Pub. Co., 619 A.2d 343, 344 n.1 (Pa. Super. 1993) ("Pa.R.Civ.P. 1030 requires that all affirmative defenses, including the affirmative defense imposed by [the] appellee to the instant complaint, namely, immunity from suit, be pleaded in a responsive pleading as 'New Matter[.]' [The a]ppellee, however, undertook to present the defense in preliminary objections in the nature of a demurrer, despite the quite clear restrictions of Pa.R.Civ.P. 1028 and requirement of 1030. [The a]ppellants failed to object to the form of pleading and have, therefore, waived the right to raise the procedural defect that would require appellee to proceed by answer with new matter.") (citations omitted); Preiser v. Rosenzweig, 614 A.2d 303, 305 (Pa. Super. 1992) ("It is black-letter law that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.") (citations omitted); Barber, 418 A.2d at 751 ("[W]e do not feel free to reach the merits of the immunity issue, which was raised on preliminary objections by the [a]ppellees.").

preliminary objections and Appellant specifically objected to that procedure, the trial court could not decide the question of Judge Fornelli's immunity from suit on preliminary objections.

Moreover, we do not agree with the trial court that Rule 126 would apply in the case sub judice. To reiterate, Rule 126 states that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." See Pa.R.C.P. 126. Here, the trial court explained that — even if Judge Fornelli had followed improper procedure — Rule 126 allows the court to disregard such procedural missteps. See TCO at 4. It points out that Appellant failed to demonstrate how the timing of the immunity defense would affect its conclusion that Judge Fornelli is immune from suit, and claims that Appellant did not "suggest that further pleadings will add new relevant facts beyond the face of his pleading that will change the outcome." Id.[11]

_____

[11] In contrast, Appellant alleges that "[b]efore any decision on the merits can be made[,] a complete factual record is necessary to determine the nature of the 'criminal mediation' and the function of [Judge] Fornelli at the illegal criminal mediation[.]" Appellant's Brief at 14. See also Appellant's Preliminary Objections at ¶¶ 17(a), (b) (questioning whether criminal mediations occur in the regular course of judicial proceedings, and stating that "there is nothing in the complaint that establishes that [Judge Fornelli] was acting within the scope of his duties as it is alleged the comment occurred prior to the mediation commencing") (footnote omitted); cf. Feldman, 107 A.3d at 835 ("[The plaintiff] failed to articulate before the trial court, and this [c]ourt, what effect, other than prolonging the matter, requiring [the defendant] to wait until New Matter to raise his objection would have on the case. [The plaintiff] identified no additional facts which she would have raised in response to New Matter had the defense been raised there. She does not

With respect to Rule 126, our Supreme Court has explained:

It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and take a dim view of litigants who flout them. That said, we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. It is for this reason that we adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "procedural defect" that does not prejudice a party's rights. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply.

*Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006) (internal citations omitted; emphasis in original).

Furthermore,

[t]he equitable doctrine we incorporated into Rule 126 is one of substantial compliance, not one of no compliance. We reiterate what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts.

*Id.* at 278 (emphasis in original).

_____

suggest the further pleadings will add new facts. She does not allege that she was deprived of an opportunity to counter the immunity defense....").

- 16 -

In the case at bar, we view Judge Fornelli's raising an immunity defense in preliminary objections to sound more in noncompliance, rather than substantial compliance, with our Rules of Civil Procedure. See id. To be sure, Rule 1030 explicitly requires that affirmative defenses — including, specifically, immunity from suit — be pleaded in a responsive pleading under the heading "New Matter." See Pa.R.C.P. 1030(a). By raising immunity in his preliminary objections, Judge Fornelli did not substantially comply with Rule 1030, which renders Rule 126 inapplicable. See Feldman, 107 A.3d at 839 (Pellegrini, J., dissenting). Moreover, as discussed above, recent cases from this Court indicate that immunity from suit cannot be determined by preliminary objections where an objection is made to such procedure. See footnote 10, supra.

Finally, in response to Judge Fornelli's argument that delaying a ruling on Appellant's immunity defense would serve no purpose,[12] we share one final point regarding Rule 1030:

> Just because it would be easier to decide it and "end the matter" when the immunity issue is "obvious on the face of the pleading," then we are, in essence, converting an affirmative defense that must be pled under [Rule] 1030 into a preliminary objection under [Rule] 1028, something we cannot do. When the Supreme Court promulgated [Rule] 1030 and made immunity an affirmative defense, it made the determination that a court would be better served in deciding that after there is a better delineation of the facts that results when an Answer and New Matter is filed. The

_____

[12] See Judge Fornelli's Brief at 21 ("[I]t is now currently accepted that immunity is a defense that may be raised by preliminary objection when to delay a ruling thereon would serve no purpose.") (internal quotations marks and citations omitted).

> immunity issue can then be determined either by a Motion for Judgment on the Pleadings or a Motion for Summary Judgment.

Id. See also Pa.R.C.P. 127(b) ("When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Thus, based on the foregoing, we conclude that the trial court erred by sustaining Judge Fornelli's preliminary objections raising immunity from suit, where Appellant had objected to this improper procedure. We therefore vacate the trial court's order sustaining Judge Fornelli's preliminary objections and dismissing Appellant's complaint with prejudice, and remand for further proceedings.[13,14]

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Musmanno files a concurring statement.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/5/2018

_____

[13] Because we dispose of Appellant's appeal on this basis, we need not address his remaining issues.

[14] Without providing any supporting authority or elaboration, Appellant requests that we award him the costs of this appeal. See Appellant's Brief at 17, 28. We decline to do so.